435 F.2d 295
 Vivian B. KING, Josephine Rizzo, Dorothy McDonald and Verbena Whittaker, on their own behalf and on behalf of all others similarly situated, Plaintiffs-Appellants,
v.
BOARD OF EDUCATION OF the CITY OF CHICAGO, a body politic and corporate, Defendant-Appellee.
 No. 17846.
 United States Court of Appeals, Seventh Circuit.
 November 12, 1970.
 Rehearing Denied December 2, 1970.
 
 Barbara J. Hillman, Chicago, Ill., Kleiman, Cornfield & Feldman, Chicago, Ill., of counsel, for plaintiffs-appellants.
 James W. Coffey, Michael J. Murray, Chicago, Ill., John J. Dillon, Asst. Atty. Gen., of counsel, for defendant-appellee.
 Before SWYGERT, Chief Judge, KNOCH, Senior Circuit Judge, and KILEY, Circuit Judge.
 KILEY, Circuit Judge.
 
 
 1
 Plaintiffs, central office employees of the defendant Board of Education, brought this class action to recover overtime wages and corresponding liquidated damages under Section 216(b)[1] of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. The district court granted overtime wages for only part of the period for which they were sought and denied liquidated damages in toto. We reverse.
 
 
 2
 Plaintiffs' suit was filed December 18, 1967, seeking recovery of overtime wages since February 1, 1967, the effective date of 1966 amendments to the Act. These amendments brought central office employees of school boards within the overtime provision, and brought school boards within the definition of "employers." The constitutionality of the amendments was challenged by the State of Maryland which was joined by twenty-six other states including Illinois. A three-judge court sustained the amendments on June 13, 1967. Maryland v. Wirtz, 269 F.Supp. 826 (D.Md.1967).
 
 
 3
 While Maryland's appeal from the district court's judgment was pending, the Wage and Hour Administrator on September 22, 1967 issued a bulletin indicating his "tentative opinion" that central office school employees "would not seem to be within the coverage of the [Fair Labor Standards] Act." On October 19, 1967, and December 12, 1967, the Administrator issued further bulletins expressing the same "tentative" opinion.
 
 
 4
 On June 10, 1968, the Supreme Court affirmed the ruling of the three-judge court upholding the constitutionality of the amendments as applied to school employees. Maryland v. Wirtz, 392 U.S. 183, 88 S.Ct. 2017, 20 L.Ed.2d 1020 (1968). On October 18, 1968 the Administrator rescinded his earlier tentative opinion and stated that central office clerks of school boards were covered by the Act.
 
 I.
 
 5
 The district court's judgment before us was entered June 3, 1969. The district court found that defendant had failed to pay overtime from February 1, 1967 to the date of judgment, but that under Section 10(a) of the Portal-to-Portal Act, 29 U.S.C. § 259,[2] the Board was not liable for overtime wages prior to October 18, 1968, the date of the Administrator's final opinion. The district court decided, however, that the Board was clearly liable for overtime after the October 18, 1968 bulletin of the Administrator.
 
 
 6
 The bar to recovery of overtime under Section 10(a) of the Portal-to-Portal Act is limited by the requirement that an employer plead and prove that his failure to pay "was in good faith conformity with and reliance on * * * any written administrative regulation, order, ruling, approval or interpretation" of the Administrator.
 
 
 7
 We think the district court clearly erred in denying overtime relief for the period prior to October 18, 1968. The record discloses that the defendant did not learn of the existence of the administrative bulletins upon which it allegedly relied until January 25, 1968 and that it did not invoke the bar of Section 10(a) based on these bulletins until May 22, 1968 when it filed its third amended answer. But we need not rest our decision upon consideration of these facts. We prefer, instead, to base our conclusion on the grounds that the bulletins of the Administrator allegedly relied upon formed no proper basis for the invocation of the bar of Section 10(a).
 
 
 8
 The bulletins were vague and ambiguous. They could not have served to aid school administrators during the period of litigation concerning the 1966 amendments. The Administrator hedged his tentative opinion with qualifications: "does not appear appropriate for us to issue interpretations * * * until the court has ruled," "we are not in a position to give anything other than tentative opinions," "would not seem." It is clear from this language that the Administrator did not reach a definitive opinion until October 18, 1968. Although the Board might have acted prudently in delaying payment of the overtime until this date, we hold that such a "tentative opinion" did not provide the Board with the statutory bar to plaintiffs' recovery of the overtime.
 
 
 9
 Defendant Board also argues that it was relieved, under Section 10(a), from paying the overtime for the period prior to October 18, because it acted in good faith and prudently, given the extensive constitutional attack on the 1966 amendments. Section 10(a), however, requires more than good faith conduct; to be relieved of paying overtime under the Act there must be good faith reliance upon a written administrative order, etc. The Board's reliance on General Electric Co. v. Porter, 208 F.2d 805, 817 (9th Cir. 1953), cert. denied 347 U.S. 951, 74 S.Ct. 676, 98 L.Ed. 1097 (1954), and Kelly v. Ballard, 298 F.Supp. 1301 (S.D.Cal. 1969), is misplaced. The claims there were for liquidated damages, which the trial court may, under Section 11[3] of the Portal-to-Portal Act, 29 U.S.C. § 260, refuse to award if the employer acts in good faith and with reasonable grounds for believing that his conduct is not in violation of the Fair Labor Standards Act. Section 11 does not apply to claims for overtime wages.
 
 
 10
 We conclude that the district court erred in holding the plaintiffs were not entitled to the overtime wages claimed for the period before October 18, 1968.
 
 II.
 
 11
 The district court also held that plaintiffs were not entitled to liquidated damages under Section 216(b) of the Fair Labor Standards Act. Under that section, liquidated damages in an amount equal to the overtime claimed are automatically awarded as a penalty for wrongful failure to pay overtime. However, Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260,[4] invests the district courts "with sound discretion" to award no liquidated damages under Section 216 (b) "if the employer shows to the satisfaction of the court" that his failure to pay overtime was "in good faith and that he had reasonable grounds" to believe his failure was not a violation of the Act.
 
 
 12
 The district court found that the Board was not liable for liquidated damages prior to October 18, since it had found that the Board was not liable for overtime in that period. It also denied liquidated damages claimed for the period after October 18 on the ground that the Board "was in the midst of protracted litigation aimed at settling the overtime question" and since "some of the delay in reaching a conclusion to this case cannot be attributed to defendants." Plaintiffs appeal only from that part of the judgment that denied liquidated damages after October 18, 1968.[5] We hold that plaintiffs were entitled to the liquidated damages sought because defendant had no good reason for believing it was not in violation of the Act by refusing to pay overtime.
 
 
 13
 It is true, as the district court noted, that the good faith reasonable belief requirement in Section 11 is not limited to good faith reliance on administrative rulings, etc. Section 11 does require, however, that the defendant's failure to pay "was in good faith and that he had reasonable grounds for believing" that he was not in violation of the Act. (Emphasis added.) We fail to see how the Board, after the Supreme Court decision in Maryland v. Wirtz, supra, and after receiving the October 18 bulletin, can be held to have reasonable grounds for believing that it was not in violation of the Act. Its obligation to pay the overtime, at least from October 18, was clearly established by the Administrator's bulletin and must have been clear to the Board, even if it was in the midst of litigation for periods prior to that date. We think also that the question of who delayed the judgment of the district court has no bearing upon whether the Board had reason to believe it was not violating the Act in not paying overtime to plaintiffs.
 
 
 14
 For the reasons given, the judgment is reversed and the cause is remanded with directions to enter judgment for overtime from February 1, 1967, and for liquidated damages from October 18, 1968, to the date of judgment, June 3, 1969.
 
 
 
 Notes:
 
 
 [1]
 Section 216(b) provides in pertinent part:
 Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.
 
 
 [2]
 Section 10(a) provides:
 In any action or proceeding based on any act or omission on or after May 14, 1947, no employer shall be subject to any liability or punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act, if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation, of the agency of the United States specified in subsection (b) of this section, or any administrative practice or enforcement policy of such agency with respect to the class of employers to which he belonged. Such a defense, if established, shall be a bar to the action or proceeding, notwithstanding that after such act or omission, such administrative regulation, order, ruling, approval, interpretation, practice, or enforcement policy is modified or rescinded or is determined by judicial authority to be invalid or of no legal effect.
 
 
 [3]
 Section 11 provides:
 In any action commenced prior to or on or after May 14, 1947 to recover unpaid minimium wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216(b) of this title.
 
 
 [4]
 See footnote 3,supra.
 
 
 [5]
 The plaintiffs do not appeal the denial of liquidated damages for the period prior to October 18, 1968, and we do not decide whether, and to what extent, they would be entitled to liquidated damages for that period
 
 
 
 15
 KNOCH, Senior Circuit Judge (dissenting in part).
 
 
 16
 Reluctantly I find myself in partial disagreement with my colleagues. I agree with the District Judge that although the Wage and Hour Administrator did say that he was in no position to issue other than tentative interpretations until the Supreme Court had ruled, nevertheless he was explicit in stating his opinion that the plaintiffs were not covered by the new law.
 
 
 17
 The letters were written rulings sent in response to individual requests on a particular factual situation because, as the Administrator puts it, "we recognize the need for providing some guidance to interested parties in the interim," evidently pending Supreme Court ruling "on the fundamental constitutional issue." The letters seem to me to meet the standards set out in Martinez v. Phillips Petroleum Company, D. Idaho, E.D., 1968, 283 F.Supp. 514, 526, affd. 9 Cir., 1970, 424 F.2d 547.
 
 
 18
 I would hold that the defendant Board could properly rely, in good faith, on these written interpretations of the Administrator, from the time when their existence came to the Board's knowledge until the Administrator's rescission of his earlier opinions on October 18, 1968.