Johnnie Mae COLE, et al.,
Plaintiffs-Appellants,

v.

FARM FRESH POULTRY, INC.,
Defendant-Appellee.

No. 86–7316.

United States Court of Appeals,
Eleventh Circuit.

Aug. 19, 1987.

George C. Longshore, Birmingham, Ala., for plaintiffs-appellants.

Linda Jan S. Pack, Counsel for Appellate Litigation, Office of Solicitor, U.S. Dept. of Labor, Washington, D.C., for amicus curiae.

Constangy, Brooks & Smith, Terry Price and Edward Katze, Atlanta, Ga., for defendant-appellee.

---

\* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

1. The interpretative bulletin was provided to the Farm Fresh management and was entitled *Interpretive Bulletin, Part 785, Hours Worked Under the Fair Labor Standards Act of 1938, as Amended* (the *"Bulletin"*). The Interpretive Bulletin contained the following provisions of the Code of Federal Regulations:

   § 785.14
   Whether waiting time is worked under the Act depends upon particular circumstances. The determination involves "scrutiny and construction of the agreements between particular parties, appraisal of their practical construction of the working agreement by conduct, consideration of the nature of the service, and its relation to the waiting time, and all of the circumstances. Facts may show that the employee was engaged to wait or they may show that he waited to be engaged." (*Skidmore v. Swift,* 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124 (1944)) Such questions "must be determined in accordance with common sense and the general concept of work or employment." (*Central Mo. Tel. Co. v. Conwell,* 170 F.2d 641 (C.A. 8, 1948))

Before RONEY, Chief Judge, JOHNSON, Circuit Judge, and ESCHBACH \*, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

In this appeal the plaintiffs-appellants argue that the district judge erred in determining that the defendant-appellee Farm Fresh Poultry Co., Inc. ("Farm Fresh") was entitled to the benefit of the Portal-to-Portal Act's good-faith defense. We agree and will reverse and remand the case to the district court.

I

Farm Fresh operates a chicken processing plant in Alexander City, Alabama. Johnnie Mae Cole and the other plaintiffs in this action work, or did work, on the eviscerating line at the plant. The line must occasionally be shut down during the working day due to mechanical failures in the plant, delivery trucks' breakdowns, and the like. Prior to the time period at issue in this action Farm Fresh instituted a "thirty-minute rule" in reliance upon the oral advice of a compliance officer for the Wage and Hour Division of the Department of Labor, and upon an interpretative bulletin issued by the division.[1] Under the rule

§ 785.15
ON DUTY
A stenographer who reads a book while waiting for dictation, a messenger who works a crossword puzzle while awaiting assignments, fireman who plays checkers while waiting for alarms and a factory worker who talks to his fellow employees while waiting for machinery to be repaired are all working during their periods of inactivity. The rule also applies to employees who work away from the plant. For example, a repair man is working while he waits for his employer's customer to get the premises in readiness. The time is worktime even though the employee is allowed to leave the premises or the job site during such periods of inactivity. The periods during which these occur are unpredictable. They are usually of short duration. In either event the employee is unable to use the time effectively for his own purposes. It belongs to and is controlled by the employer. In all of these cases waiting is an integral part of the job. The employee is engaged to wait.
§ 785.16
OFF DUTY
(a) *General.* Periods during which an employee is completely relieved from duty and

employees are compensated when the line is down for less than thirty minutes but are not compensated for inactive periods of thirty minutes or more.

When the Farm Fresh management expects the line to be down for thirty minutes or more, the employees are informed that they are free to do as they please until a specified time at which the plant will resume operation. Most of the plaintiffs live 10 to 20 minutes from the plant and carpool to work each day. Employees who live in the vicinity sometimes go home during these periods of inactivity. Others who can find transportation occasionally go to a local convenience store for a snack or a soft drink. However, most of the employees wait in the break room at the plant.

The plaintiffs brought suit in federal district court in 1985 against Farm Fresh, contending that Farm Fresh's thirty-minute rule violates the minimum wage and overtime compensation provisions of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, 206, 207, 215(a)(2). The complaint prayed for an injunction against future violations and damages for injury suffered from past violations in the form of unpaid minimum wages and overtime compensation from July 8, 1982. Farm Fresh denied any violation of the FLSA. It also raised an affirmative defense, claiming that it qualified for the "good faith" exemption of 29 U.S.C. § 259 barring the action because it had acted in conformity with and in reliance on the Wage and Hour Division's interpretation of the FLSA.[2]  29 U.S.C. § 259.

The district court bifurcated the issues of liability and damage and held a bench trial on February 7, 1986. It concluded that Farm Fresh need not pay employees for break periods long enough to allow the employees to use the time effectively for their own purposes. It also found, however, that thirty minutes was not long enough for such effective use, and ruled that the employees "need at least one hour in order to use the time effectively for their own purposes, and, therefore, that any break period less than one hour in duration is compensable time under the Act." The court also concluded, however, that Farm Fresh had acted in good faith compliance with administrative regulation pursuant to section 259, and therefore denied all relief to the plaintiffs. The court did note, however, that "defendants' thirty-minute rule should not be followed in the future and that continued use of the rule would not constitute 'good faith reliance' on these interpretations."

The district court provided the following discussion of the good faith defense of section 259:

By enacting section 10 of the Portal to Portal Act [section 259 of Title 29 of the United States Code], Congress made clear that it did not intend for the Fair Labor Standards Act to subject employers to penalties for such good faith reliance [as Farm Fresh's] on administrative regulations, particularly where the regulations have been interpreted by a compliance officer of the Wage and Hour

which are long enough to enable him to use the time effectively for his own purposes are not hours worked. He is not completely relieved from duty and cannot use the time effectively for his own purposes unless he is definitely told in advance that he may leave the job and that he will not have to commence work until a definitely specified hour has arrived. Whether the time is long enough to enable him to use the time effectively for his own purposes depends upon all the facts and circumstances of the case.

(b) *Truck Drivers; specific examples.* A truck driver who has to wait at or near the job site for goods to be loaded is working during the loading period. If the driver reaches his destination and while awaiting the return trip is

required to take care of his employers' property, he is also working while waiting. In both cases the employee is engaged to wait. Waiting is an integral part of the job. On the other hand, for example, if the truck driver is sent from Washington, D.C. to New York City, leaving at 6 a.m. and arriving at 12 noon, and is completely and specifically relieved from all duty until 6 p.m. when he again goes on duty for the return trip the idle time is not working time. He is waiting to be engaged.

2. The defendants also asserted other defenses that were not reached by the district judge in his opinion below and thus were not possible subjects for discussion in this appeal. We of course express no opinion on those issues.

Division of the Department of Labor, as in this case.

Because defendant's implementation of the thirty minutes rule was a reasonable interpretation of 29 U.S.C. §§ 785.14–785.16, particularly in light of Mr. Rushing's advice, this court determines that defendant Farm Fresh has acted "in good faith in conformity with and in reliance on" 29 C.F.R. §§ 785.14–785.16 at all times relevant to this action.

The plaintiffs appeal from the district court's decision.

## II

■ On appeal the plaintiffs-appellants argue that the district court invoked and applied an incorrect rule of law in determining that Farm Fresh could invoke the protection of the good faith defense of section 259 to bar the suit. This, of course, is a question of law we review de novo. The good-faith defense of section 259 is an objective test that bars actions for violations of the minimum wage or overtime compensation provisions of the FLSA if the employer pleads and proves that the act or omission complained of was (1) taken in good faith and was (2) in conformity with and (3) in reliance on a written administrative interpretation by a designated agency. The agency designated to provide interpretations of the FLSA is the Administrator of the Wage and Hour Division of the Department of Labor.[3] *See* 29 U.S.C. § 259; *e.g.*, *Olson v. Superior Pontiac-GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir.), *modified on other grounds* 776 F.2d 265 (1985); *Equal Employment Opportunity Commission v.*

*Home Insurance Co.*, 672 F.2d 252, 263–65 (2d Cir.1982); *Clifton D. Mayhew, Inc. v. Wirtz*, 413 F.2d 658, 661 (4th Cir.1969). The district court did not invoke this standard.

■ Instead, the district judge held that the good-faith defense was completely satisfied if an employer reacted to an administrative pronouncement as a reasonably prudent person would react under similar circumstances. That query is certainly a component of the good-faith defense, but it serves only to elucidate the proper definition of whether the employer actually showed good faith under the objective standard required by section 259. The showing of objective good faith under such a standard does not satisfy the other necessary components of the defense. *E.g.*, *Superior Pontiac-GMC*, 765 F.2d at 1579–80; *see also, e.g.*, *King v. Board of Education*, 435 F.2d 295, 297 (7th Cir.1970), *cert. denied*, 402 U.S. 908, 91 S.Ct. 1380, 28 L.Ed.2d 649 (1971). A court must also find that the employer acted "in actual conformity with and in reliance on" the written agency interpretation. 29 U.S.C. § 259. The Second Circuit has noted that

This is not a requirement of a showing of general good faith; the Portal Act language, 'in good faith in conformity with,' precisely links the question of good faith to an act in conformity, and if there is no conformity, general good faith in other respects cannot save the day.

*Equal Employment Opportunity Commission v. Home Insurance Co.*, 672 F.2d 252, 263–65 (2d Cir.1982); *see Superior Pontiac-GMC*, 765 F.2d at 1579–80.

---

**3.** 29 U.S.C. § 259 provides in pertinent part:

(a) In any action or any proceeding based on any act or omission on or after May 14, 1947, no employer shall be subject to any liability or punishment for or on account of the failure to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938, as amended [29 U.S.C. § 201 et seq.] ... if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation, of the agency of the United States specified in subsection (b) of this section, or any administrative practice or enforcement policy of such agency with re-

spect to the class of employers to which he belonged. Such a defense, if established, shall be a bar to the action or proceeding, notwithstanding that after such act or omission, such administrative regulation, order, ruling, approval, interpretation, practice, or enforcement policy is modified or rescinded or is determined by judicial authority to be invalid or of no legal effect.

(b) The agency referred to in subsection (a) of this section shall be—

(1) in the case of the Fair Labor Standards Act of 1938, as amended [29 U.S.C. § 201 et seq.]—the Administrator of the Wage and Hour Division of the Department of Labor....

## A. *The Interpretive Bulletin*

Plaintiffs-appellants have specifically argued that the interpretive bulletin at issue, entitled *Interpretive Bulletin, Part 785, Hours Worked Under the Fair Labor Standards Act of 1938, as Amended* (the "*Bulletin*"), cannot satisfy the requirements for the good-faith defense under section 259 because it was insufficient to operate as an interpretation of the compensable time requirements of the FLSA. We agree.

The bulletin contains particular provisions from the Code of Federal Regulations, 29 C.F.R. §§ 785.14–785.16, that provide some guidance to employers regarding the considerations appropriate to a determination of whether waiting time is time worked compensable under the FLSA.[4] Farm Fresh argues that the provisions provide the necessary interpretations suited to particular situations necessary for them to qualify as an administrative interpretation under section 259. The Secretary's regulations suggest otherwise; while the introductory sections to other similar subparts of the Code of Federal Regulations expressly note that interpretations in those subparts may be relied upon to establish section 259 defenses, the introductory section to Subpart 785 pointedly declines to make that representation. *Compare, e.g.,* 29 C.F.R. §§ 783.3, 784.4, 788.5 (all expressly allowing reliance for the purposes of section 259) *with id.* § 785.2 (making no mention of section 259 and noting only that the subpart should provide a " 'practical guide for employers' " (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 138, 65 S.Ct. 161, 163, 89 L.Ed. 124 (1944)).

The provisions expressly declare that "[w]hether waiting time is time worked under the [FLSA] depends upon particular circumstances," 29 C.F.R. § 785.14, and the determinination involves a consideration of "all the circumstances," *id.* (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 136–37, 65 S.Ct. 161, 163, 89 L.Ed. 124 (1944)). The provisions also expressly declare that

[p]eriods during which an employee is completely relieved from duty and which

are long enough to enable him to use the time effectively for his own purposes are not hours worked. .... Whether the time is long enough to enable him to use the time effectively for his own purposes depends upon all of the facts and circumstances of the case.

*Id.* § 785.16. In addition to this language denoting general rules to be applied in light of all of the particular circumstances of each case, the provisions also provide many specific examples of what would and would not constitute hours worked under the FLSA. None of the examples are closely analagous to the situation of the employees working on the eviscerating line at Farm Fresh. Thus while the *Bulletin* itself provides some examples pertinent to particular situations, no specific guidance is provided for the situation at bar, and the *Bulletin* itself clearly recognizes that the provisions therein provide only general guidelines to be applied in light of all the particular circumstances of each case. Thus the *Bulletin* itself does not claim to establish a particular rule upon which an employer may rely in order to determine what length and type of waiting period is compensable time worked under the particular facts of this case. Thus it was in fact simply impossible for Farm Fresh to rely on it. Where an administrative interpretation is insufficient to allow objective reliance the reliance prong of the section 259 defense cannot be met; an employer's actual reliance upon his own incorrect interpretation of a vague and general administrative guideline will not suffice. *Equal Employment Opportunity Commission v. Baltimore & Ohio Railroad Co.*, 632 F.2d 1107, 1112 (4th Cir.1980); *Clifton D. Mayhew, Inc.*, 413 F.2d at 661 (holding that test is objective); *cf. King v. Board of Education of City of Chicago*, 435 F.2d 295, 297 (7th Cir.1970), *cert. denied,* 402 U.S. 908, 91 S.Ct. 1380, 28 L.Ed.2d 649 (1971) (holding that an employer could not rely on a tentative opinion of the Wage and Hour Administrator); *Martinez v. Phillips Petroleum Co.*, 283 F.Supp. 514 (D.Idaho 1968) (good-faith defense allowed where the Adminis-

---

**4.** *See supra* note 1 (setting out the text of 29 C.F.R. §§ 85.14—785.16).

trator in writing informed a certain employer it was exempt from FLSA in response to a particular request that set out the specific circumstances in detail), *aff'd* 424 F.2d 547 (9th Cir.1970); *see also Superior Pontiac-GMC,* 765 F.2d at 1579–80 (holding that conformity prong of the section 259 defense must be tested under an objective standard). Administrative interpretations hedged with qualifications, here the caveat that the correct answer depends upon particular circumstances, cannot provide the definitive opinion necessary to raise the statutory bar of section 259. *See Equal Employment Opportunity Commission v. Home Insurance Co.,* 672 F.2d 252, 264–65 (2d Cir.1982); *King,* 435 F.2d at 297; *Central Missouri Telephone Co. v. Conwell,* 170 F.2d 641, 648 (8th Cir.1948).

Accepting Farm Fresh's argument that the *Bulletin* provides sufficient guidance to satisfy the reliance requirement of section 259 would mean that any employer could establish a good-faith defense simply by showing that it "relied" on a general administrative guideline that provided no opinion regarding the employer's particular situation. *See Equal Employment Opportunity Commission v. Home Insurance Co.,* 672 F.2d 252, 264–65 (2d Cir.1982) (holding that reliance was not possible and therefore that section 259's requirements were not satisfied where the guidelines in question there failed to provide relevant guidance). The *Bulletin* "relied" upon here expressly recognizes that "the periods during which these [waiting periods that are nevertheless worktime] occur are unpredictable." While the attempts of employers to make correct decisions on the basis of general guidelines is prudent and commendable the attempt alone does not raise the statutory bar of section 259. The administrative interpretation relied upon must provide a clear answer to the particular situation in order for the employer to rely on it.

*Equal Employment Opportunity Commission v. Home Insurance Co.,* 672 F.2d 252, 264–65 (2d Cir.1982), provides an instructive parallel. In that case Home Insurance claimed that it relied upon two published opinion letters and a published regulation of the Wage and Hour Administrator. The three documents all stated in essence that "the retirement of employees on the basis of age pursuant to a bona fide retirement plan would not violate the ADEA [Age Discrimination in Employment Act], so long as the plan was not a subterfuge or a device to evade the Act." *Id.* at 265. The court there explained in rejecting the claim of a good-faith defense under section 259 that

> None of the Administrator's statements contained any elaboration of what does or does not constitute subterfuge. In essence, each stated that an employer would comply with the [Age Discrimination in Employment] Act if it complied with § 4(f)(2) [a section of the ADEA]. They thus gave Home no guidance on which to rely to know whether or not its own reduction of the mandatory retirement age constituted subterfuge. In effect Home was left to its own devices to interpret the Act. But as stated in President Truman's message to Congress on his signing of the Portal Act, § 10 was not intended to "make each employer his own judge of whether or not he has been guilty of a violation." Message of President Truman to accompany the Portal-to-Portal Act of 1947, [1947] U.S. Code Cong. & Admin. News 1827 (May 14, 1947).

*Id.* at 265; *accord, e.g., King,* 435 F.2d at 297; *Central Missouri Telephone,* 170 F.2d at 648; *Pilkenton v. Appalachian Regional Hospitals,* 336 F.Supp. 334, 340 (W.D.Va.1971). The reasoning expressed in *Home Insurance Co.* applies equally well here. Nothing in the regulations printed within the *Bulletin* contained any dispositive elaboration regarding how to choose a particular length of waiting period that must be compensated beyond the general language that "[p]eriods during which an employee is completely relieved from duty and which are long enough to enable him to use the time effectively for his own purposes are not hours worked." 29 C.F.R. 785.116. Thus the guidelines provided some general advice about appropriate factors to consider in determining

whether time in particular situations was compensable under the FLSA, but they left individual employers to their own devices in determining compensable time under all the particular circumstances not specifically mentioned as examples in the guidelines. And nothing in the *Bulletin* provided even any general guidance regarding how to determine how much waiting time would be long enough in particular circumstances to allow employees to make effective personal use of the waiting period.

In addition, Farm Fresh also failed section 259's requirement that the employer act *in conformity with* the administrative regulation. Farm Fresh did *not* choose a time long enough to enable its employees to use the time effectively for their own purposes.[5] The district judge explicitly found that the eviscerating line employees of Farm Fresh "need at least a one hour break period in order to use the time effectively for their own purposes, and, therefore, that any break period less than one hour in duration is compensable time under the Act."[6] The regulation provided no instruction relative to Farm Fresh other than restating the requirements of the FLSA as construed by the courts. The good-faith defense exists in order to protect an employer who "innocently and to his detriment, followed the law as it was laid down to him by government agencies, without notice that such interpretations were claimed to be erroneous or invalid." *Olson*

v. *Superior Pontiac-GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir.) (quoting *Clifton D. Mayfield, Inc. v. Wirtz*, 413 F.2d 658, 661 (4th Cir.1969), *modified on other grounds* 776 F.2d 265 (1985)). Thus it was established essentially as an estoppel defense to protect employers from particular agencies' mistaken interpretations of particular statutory requirements; it does not come into effect until after there has been a failure to comply with the relevant statute due to an erroneous agency interpretation. Here the agency interpretation was correct insofar as it went. Farm Fresh, however, went beyond the interpretation and in so doing failed to comply with the FLSA. We may accept, *arguendo*, that Farm Fresh made its best effort to comply with the FLSA and the *Bulletin* but that still does not undercut the crucial fact that the *Bulletin* stated the general guidelines of the FLSA's compensable time provisions and Farm Fresh failed to apply them correctly.

*Home Insurance Co.* is again instructive. The court there found that the insurance company could not show compliance with an agency interpretation that merely restated statutory requirements when the agency may well have violated the statutory requirements. The court there remarked on

the jejunity of a Portal Act defense when the interpretation purportedly relied on has done no more that repeat the requirements of the statute: if the employer has

**5.** Farm Fresh argues that both the district court's finding of at least one hour and its own rule of thirty minutes were reasonable interpretations of the administrative interpretation, and that this should satisfy the requirements for section 259. However, the difference between thirty minutes and one hour is undoubtedly significant under the circumstances of this case, especially since the district court found that *at least* one hour would be necessary. The difference between thirty minutes and one hour actually points up the inherent insufficiency of the *Bulletin* to support a section 259 defense in this case—the *Bulletin*'s general guidelines do not explicitly provide any particular answer to the circumstances faced by Farm Fresh.

**6.** The plaintiffs-appellants also asserted on appeal that the district court erred "in concluding that the employees at Fresh Farm can make effective use of down time which exceeds one hour." This contention misreads the district

court's opinion, for the opinion in fact read that "these employees [the plaintiffs-appellants] need at least a one hour break period in order to use the time effectively for their own purposes...." Thus the district court did not find that one hour or slightly more was enough; it only found that *at least* one hour would be necessary. This is thus the wrong forum in which to argue the exact amount of time that is necessary for plaintiffs-appellants to make effective use of it for their own purposes; plaintiffs-appellants will be free on remand to argue what exact amount of time is enough, whether it is one hour exactly or a longer period. Neither plaintiffs-appellants nor defendant argues in this appeal that the correct finding should be that less than one hour would allow effective personal use of the time, and there is, in any case, sufficient support in the record to preclude us from concluding that the district court was clearly erroneous.

acted 'in conformity with' the interpretation he will have obeyed the statute, and the Portal Act defense will be available only when the employer does not need it. *Home Insurance Co.*, 672 F.2d at 265.

■ In sum, Farm Fresh's claimed reliance on the *Bulletin's* interpretation of compensable time fails to accept the *Bulletin's* own language foreswearing any attempt to provide correct determinations of compensable time in particular circumstances, and it also fails to meet the requirements that the employer's actions be in conformity with and in reliance on the administrative interpretation.

### B. *The Oral Advice of the Compliance Officer*

■ Farm Fresh also argues that it relied upon the oral advice of a Wage and Hour Division compliance officer in establishing its thirty-minute rule. Farm Fresh argues that this advice constitutes the "written administrative regulation, order, ruling, approval, or interpretation, of the agency of the United States" that the Portal Act contemplates. Because we have already shown that the *Bulletin* did not provide an interpretation upon which Farm Fresh could rely in order to satisfy section 259, Farm Fresh's argument here must depend solely on the oral advice of the compliance officer. This oral advice of a Compliance Officer cannot serve as the necessary written administrative statement of its position for two reasons, both of which independently defeat Farm Fresh's argument. The first is that in the case of the FLSA the Administrator must provide the written administrative interpretation in order to qualify for relief under section 259. 29 U.S.C. § 259(b); *see* 29 C.F.R. § 790.19(b); *National Automatic Laundry and Cleaning Council v. Shultz*, 443 F.2d 689, 700 (D.C.Cir.1971); *United States v. Stocks Lincoln-Mercury, Inc.*, 307 F.2d 266, 270–71 (10th Cir.1962) (reviewing supporting legislative history); *see also, e.g., Soler v. G & U, Inc.*, 615 F.Supp. 736, 747 (S.D.N.Y. 1985); *Ferrer v. Waterman S.S. Corp.*, 84 F.Supp. 680 (D.C. Puerto Rico 1949); *Anderson v. Arvey Corp.*, 84 F.Supp. 55

(E.D.Mich.1949). The second is that oral advice cannot qualify as an agency's written interpretation. *E.g., Soler*, 615 F.Supp. at 747; *Pilkenton v. Appalachian Regional Hospitals*, 336 F.Supp. 334, 339 (D.Va. 1971); 29 C.F.R. § 790.13 (collecting supporting citations to the legislative history). Section 259 explicitly requires that the employer act "in conformity with and in reliance on any *written* administrative regulation, order, ruling, approval, or interpretation...." 29 U.S.C. § 259 (emphasis added). Counsel has presented no arguable reason to ignore the clear and explicit command of Congress. We hold that in order to qualify for the good-faith defense of section 259 the statute's requirement that the agency interpretation be in writing must be obeyed. *Accord Soler*, 615 F.Supp. at 747; *Pilkenton*, 336 F.Supp. at 339.

### III

Pursuant to this opinion, the district court's opinion is REVERSED and the case is REMANDED to the district court for further proceedings consistent with this opinion.

RONEY, Chief Judge, dissenting:

I respectfully dissent because in the circumstances of this FLSA case the district court's determination that the employer established the Portal-to-Portal Act good faith defense, 29 U.S.C.A. § 259, is due to be affirmed.

In order to qualify for the Portal Act's good faith defense the employer must show that the act complained of was in good faith, and in conformity with and reliance on any written administrative regulation, order, ruling, approval, or interpretation of an agency of the United States. *See Olson v. Superior Pontiac–GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir.1985); 29 U.S.C.A. § 259; 29 C.F.R. § 790.13(a). All of these elements are at issue in this case.

The employer satisfies the threshold good faith element by acting as a reasonably prudent employer would have acted under similar circumstances. *Olson*, 765 F.2d at 1580; 29 C.F.R. § 790.15(a). The

regulations at issue in this case permit the employer to fashion a policy of non-compensable waiting time or downtime based on a durational period that is long enough to enable the employees to use the time effectively for their own purposes and on the "facts and circumstances" of the employment situation. *See* 29 C.F.R. §§ 785.14–785.16.

The Administrator's regulations do not contain a specific thirty-minute rule. The compliance officer's verbal advice certainly constitutes part of the "facts and circumstances" upon which the employer could rely in fashioning its waiting time policy. At the very least, when the employer develops a durational period for non-compensable downtime in good faith in reliance on the agency's written regulations, it should not be penalized for receiving a compliance officer's advice as to the appropriateness of that action.

The Portal Act's good faith defense requires that the employer act in actual conformity with the regulation upon which it relied. 29 C.F.R. § 790.14(a); *Olson*, 765 F.2d at 1579–80. Although the elements of good faith and conformity are not synonymous, *Olson*, 765 F.2d at 1580, where the agency sets forth a "facts and circumstances" standard, the employer is in conformity with the regulation if its action is reasonable. This is the most that the law can expect of the employer. Indeed, this is what the district court held in concluding that "[b]ecause defendant's implementation of the thirty minute rule was a reasonable interpretation of 29 C.F.R. §§ 785.14–785.16, particularly in light of Mr. Rushing's advice ... Farm Fresh has acted ... 'in conformity with' " the waiting time regulations.

The court holds that Farm Fresh's thirty-minute policy failed section 259's conformity requirement because the district court also found that the production employees "need at least a one hour break period in order to use the time effectively for their own purposes, and, therefore, that any break period less than one hour in duration is compensable time under the Act." Assuming that the district court's one-hour

rule is correct, that finding does not negate the district court's conclusion that the thirty-minute policy was reasonably in conformity with the agency's waiting time regulations for the purpose of the Portal Act's good faith defense.

Confronted with an ambiguous administrative interpretation, the Sixth Circuit observed:

> The language and legislative history of this Act indicate that courts should be hesitant to impose retroactive minimum wage liability on employers in the face of an administrative interpretation which the employer could plausibly interpret as insulating him from liability. See H.R. No. 71, 80th Cong., 1st Sess. [1947] U.S. Code Cong. & Ad. News 1029, 1036.

*Marshall v. Baptist Hospital, Inc.*, 668 F.2d 234, 238 (6th Cir.1981). In this case, the employer has established all the elements of the good faith reliance defense and section 259 of the Portal-to-Portal Act, therefore, bars the imposition of any back wage liability.