896 F.Supp. 1108 (1995)
Dot W. NELSON, et al., Plaintiffs,
v.
ALABAMA INSTITUTE FOR DEAF AND BLIND, Defendant.
Carol GILLIAM, Plaintiff,
v.
ALABAMA INSTITUTE FOR DEAF AND BLIND, Defendant.
Civ. A. Nos. 93-AR-2143-E, 93-AR-1377-E.
United States District Court, N.D. Alabama, Eastern Division.
June 6, 1995.
*1109 *1110 Edward Still, Birmingham, AL, for Carol Gilliam.
Donald B. Sweeney, Jr., Rives & Peterson, Birmingham, AL, for Alabama Institute For Deaf and Blind.
Cynthia Welch Brown, U.S. Department of Labor-Solicitor's Office, Birmingham, AL, Thomas S. William, Jr., Gail V. Coleman, Jonathan M. Kronheim, Leif G. Jorgenson, U.S. Department of Labor-Office of Solicitor, Washington, DC, for amicus curiae Dept. of Labor.

MEMORANDUM OPINION
ACKER, District Judge.
The court has before it a motion of the plaintiffs, Dot W. Nelson, et al. (collectively, "plaintiffs"), in the above-captioned cases to alter the judgment entered by this court on January 25, 1995. Plaintiffs, who are house-parents at defendant, Alabama Institute for Deaf and Blind ("AIDB"), are claiming that they are entitled to compensation for sleep time on the days on which they are on duty for less than 24 hours. Plaintiffs further are claiming that they are entitled to liquidated damages pursuant to 29 U.S.C. § 216(b).
In the January 25, 1995 judgment, this court dismissed all claims against AIDB, holding that while plaintiffs technically may have been entitled to compensation for sleep time under the Wage and Hour regulations, AIDB could not be held liable based on the "good faith belief' defense found in 29 U.S.C. § 259, because it designed and installed its compensation plan in a good faith belief that it complied with the requirements of the Fair Labor Standards Act (FLSA) and the regulations promulgated under it. This court also held that AIDB was not liable because the plan was agreed to by the plaintiffs. Upon reconsideration of this ruling, this court holds that plaintiffs' motion to alter judgment is due to be granted as to some aspects and denied as to other aspects.

I. Background
This court gave a detailed rendition of the facts of this case in its January 25, 1995 opinion, which will not be repeated. To briefly summarize, shortly after the Supreme Court held in Garcia v. San Antonio Metro Transit Auth., 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985), that FLSA's requirements could be applicable to state and local government employers, AIDB, a public entity, realized that it would have to compensate its houseparents, who were required by their jobs to spend the night at AIDB's various residential facilities because of the needs of deaf and/or blind students, for "sleep time" unless an exception applied.
*1111 The AIDB houseparents fall into one of two groups: one group works from Sunday morning until Wednesday, sleeping on the AIDB premises Sunday, Monday, and Tuesday nights, and one group works from Wednesday until Sunday morning, sleeping on AIDB premises Wednesday, Thursday, Friday, and Saturday nights. Monday through Friday, the houseparents are off duty from 8:00 a.m. to 2:00 p.m., during which time they are allowed to leave the premises without any realistic means for being contacted.
After Garcia, Cathy Limbaugh ("Limbaugh"), Director of Personnel at AIDB, carefully reviewed AIDB's proposed houseparent arrangement against the backdrop of FLSA, regulations, and opinion letters. Based thereon, she determined that AIDB's arrangement complied with FLSA. Limbaugh particularly based this determination on an opinion letter issued by the Wage & Hour Administration, Opinion WH-505 (2/3/81), ruling that relief employees, who arguably are on duty less than 24 hours because of off-duty time during the day with complete freedom from all responsibilities, did not need to be paid for sleep time provided that the employer and employee so agree in advance, that no more than 8 hours a night is deducted, and that the employer give the employee a "homelike" atmosphere. Limbaugh also based her determination on her December 12, 1985 meeting with a Department of Labor ("DOL") Wage and Hour specialist in Birmingham regarding AIDB's compensation of its houseparents, during which the specialist told her that AIDB was in compliance with FLSA.

II. Brief Procedural History
This court issued its opinion in this case on January 25, 1995. On February 6, 1995, plaintiffs filed their motion to alter the judgment entered. On February 16, 1995, this court invited the DOL to submit an amicus curiae brief on the issues in the case. On April 17, 1995, the DOL filed such brief, to which AIDB has responded.

III. Legal Analysis
This court will consider the following issues separately:
1. Whether, based on the FLSA and its accompanying regulations and opinion letters, the AIDB parents should have been compensated for "sleep time."
2. If so, whether AIDB is entitled to the "good faith" defense under 29 U.S.C. § 259.
3. If not, whether AIDB is liable for liquidated damages.

A. Whether the AIDB parents should have been compensated for "sleep time."
Generally, under FLSA's accompanying "sleep time" regulations, employees must be compensated for sleep time unless the employment arrangement fits within one of the following two narrow exceptions: (1) if an employee is required to be on duty for more than 24 hours, then the employer may deduct sleep time up to 8 hours pursuant to an express or implied agreement between the employer and the employee; or (2) if an employee resides on his employer's premises on a permanent basis or for "extended periods of time," then the employer may deduct sleep time pursuant to any reasonable agreement between the parties. 29 C.F.R. §§ 785.20-24 (1995).[1]
*1112 Unfortunately for AIDB, and as pointed out by the DOL, AIDB's houseparents do not technically fit either of these exceptions. They are not working more than 24 hours because of the "free time" given to them.[2] Further, in a 1988 opinion letter, DOL stated its position that residing on the premises requires both being compensated for at least 8 hours in each of five consecutive 24-hour periods and that the employee sleep on the premises for all sleep periods during this 120 hour period. DOL Opinion Letter Wage & Hour Administrator (June 30, 1988) (the "1988 Opinion Letter"). Because neither group of AIDB houseparents resides at AIDB under these mandatory conditions,[3] they do not reside on AIDB's premises for "extended periods of time."
Upon reconsideration, it now appears to the court that AIDB knew that its houseparents did not fit within either of these exceptions, but instead, chose to rely on a DOL 1981 opinion letter, which provided an additional exception by stating that 24 hour shifts that include "free time" will nonetheless constitute 24 hour shifts under certain circumstances (the "free time exception"), thus allowing employers to deduct sleep time. DOL Opinion Letter of Deputy Wage & Hour Administrator, Henry T. White, Jr. (February 3, 1981) (the "1981 Opinion Letter"). The 1981 Opinion Letter, however, applies the free time exception to relief employees only. The 1988 Opinion Letter sheds some light on why the free time exception may be applied to relief employees only:
This special provision allows "relief" employees who are provided with private quarters in a home-like atmosphere to be treated the same as "full-time" employees (i.e., those who either reside on the employer's premises permanently or for "extended periods of time") who they relieve with respect to deducting of sleep time. This special position was developed out of concern for the apparent inequities of requiring compensation for sleep time for relief employees but not for full-time employees being relieved who work under identical conditions at the same facility.

If not for the free time exception, full-time employees would not be compensated for sleep time, while the persons who relieve them for short periods would be. The DOL apparently viewed this outcome as inequitable.
No case found applies the free time exception to non-relief employees. It is true, as AIDB asserts in their reply to plaintiffs' motion to alter judgment, that the courts in Beaston v. Scotland Sch. of Veterans' Children, 693 F.Supp. 234 (M.D.Pa.1988); aff'd. 869 F.2d 587 (3d Cir.1989), and Bouchard v. Regional Governing Bd., 939 F.2d 1323 (8th Cir.1991), cert. denied, 503 U.S. 1005, 112 S.Ct. 1761, 118 L.Ed.2d 424 (1992), allowed the employers therein to deduct sleep time for non-relief employees with free time, but in both cases the court so allowed on the basis that the employees resided on the employers' premises for an extended period of time.[4]
AIDB argues that it had a written agreement with its houseparents that sleep time would not be compensated. A similar argument was rejected in Lott v. Rigby, 746 F.Supp. 1084 (N.D.Ga.1990), in which the court held that an employer could not deduct sleep time from a non-relief employee's hours where the employees had free time and thus worked less than 24 hours, even though the employee had an express agreement to the contrary. The court said:

*1113 The defendant argues that an agreement between an employee and employer to deduct sleep time from compensation is permitted. However, this is only true if the employee is on duty 24 hours or more and is provided private quarters in a home-like atmosphere, or if the employee resides on the employer's premises on a permanent basis or for extended periods of time.
Id. at 1089. The Lott court's analysis appears to be correct.
While the regulations do allow sleep time to be deducted from compensation pursuant to a written agreement, they specifically so allow only in the case of the two exceptions described above. The regulations make no mention of allowing sleep time to be deducted if an employee is on duty less than 24 hours, whether pursuant to a written agreement or not.
Thus, this court now holds that plaintiffs, as non-relief employees who were on duty less than 24 hours and who did not reside on AIDB's premises for extended periods of time, should have been compensated for sleep time.[5]

B. Whether AIDB is entitled to the "good faith" defense.
Under 29 U.S.C. § 259(a), employers have a complete defense to liability if they can prove their conduct was in good faith and in reliance upon a written opinion from the Wage and Hour Division of the DOL. The good faith defense of § 259 is an objective one. Cole v. Farm Fresh Poultry, Inc., 824 F.2d 923, 926 (11th Cir.1987). To invoke the defense in this case, AIDB must prove (1) that its sleep time compensation policy was adopted in reliance on a written interpretation of the FLSA by the agency designated with such authority in the statute [the Administrator of the Wage and Hour Division], (2) that AIDB's policy was in conformity with that interpretation, and (3) that AIDB acted in good faith. Id.
The legislative history of § 259 indicates that the good faith defense was "intended to apply only where an employer innocently and to his detriment, followed the law as it was laid down to him by government agencies, without notice that such interpretations were claimed to be erroneous or invalid." Olson v. Superior Pontiac-GMC, Inc., 765 F.2d 1570, 1579 (11th Cir.1985) (citation omitted). The defense thus was "established essentially as an estoppel defense to protect employers from particular agencies' mistaken interpretations of particular statutory requirements; it does not come into effect until after there has been a failure to comply with the relevant statute due to an erroneous agency interpretation." Cole, 824 F.2d at 929.
In the instant case, AIDB argues that it is entitled to the good faith defense of § 259 because it relied on 29 C.F.R. §§ 785.22-23 (1995), the 1981 Opinion Letter, and the representations made to Limbaugh by a DOL Wage and Hour specialist in a meeting.[6] This argument, to which the court earlier subscribed, fails for two reasons. First, AIDB's compensation plan was not in conformity with 29 C.F.R. §§ 785.22-23 and the 1981 Opinion Letter. As explained above, §§ 785.22-23 provide that sleep time may be deducted in only one of two circumstances, with AIDB's situation meeting neither of the two exceptions. Further, as also explained earlier, the 1981 Opinion Letter applies to relief employees only, and did not specifically address non-relief employees. See Cole, 824 F.2d at 928 ("the administrative interpretation relied upon must provide a clear answer to the particular situation in *1114 order for an employer to rely on it").[7]
AIDB's actions were not taken pursuant to an erroneous agency interpretation, as required by the good faith defense. The agency interpretationthe 1981 Opinion Letter was correct AIDB's actions were rather taken pursuant to AIDB's erroneous interpretation of the 1981 Opinion Letter and the regulations. An employer's actual reliance upon his own incorrect interpretation of an administrative guideline cannot meet the § 259 good faith defense. See e.g., Cole, 824 F.2d 923 (employer's argument that it acted in conformity with an administrative regulation allowing an employer to deduct "waiting time" from employees' pay for periods during which employees are completely relieved from duty and which are long enough to enable them to use the time effectively for their own purposes failed because employer's "thirty minute rule," in which any waiting period of thirty minutes or more was deducted, did not establish a time long enough to enable its employees to use the time effectively for their own purposes).
Second, AIDB's reliance on the December 12, 1985 meeting with the Wage and Hour specialist is not sufficient to meet the § 259 good faith defense. The defense requires that the reliance be on a written administrative statement. Cole, 824 F.2d at 930, citing 29 U.S.C. § 259(b). In Cole, the employer tried to establish the good faith defense by arguing that it relied on the oral advice of a Wage and Hour Division compliance officer in establishing its thirty-minute rule. The Eleventh Circuit specifically rejected this argument, holding that "oral advice cannot qualify as an agency's written interpretation." Cole, 824 F.2d at 930.

C. Whether AIDB is liable for liquidated damages.
Under 29 U.S.C. § 216(b):
Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

Section 216's provision for liquidated damages "is intended in part to compensate employees for the delay in payment of wages owed under the FLSA; it is a penalty or punishment." Hultgren v. County of Lancaster, Neb., 913 F.2d 498, 508-09 (8th Cir. 1990). As noted by the Hultgren court:
As originally enacted, section 216's liquidated damages provision was mandatory. In 1947, Congress amended this section by enacting section 260, which gives the court some discretion in awarding liquidated damages.
Id. at 509. Under 29 U.S.C. § 260,
[I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages....
(emphasis supplied). Thus, while an employer may not have a complete defense to liability under the "good faith" defense of § 259, the employer nonetheless may have a good faith defense to liability for liquidated damages under § 260.
Obviously, the standard for an employer's being entitled to the § 260 good faith defense is less stringent than that for the § 259 good faith defense, because if they were one and the same, § 259's complete shield from liability would render a § 260 defense unnecessary in every case. The Eleventh Circuit has noted that the § 260 *1115 defense has "both subjective and objective components." Dybach v. State of Florida Dept. of Corrections, 942 F.2d 1562, 1566 (11th Cir.1991).[8] The employer must establish that it acted (1) in good faith, and (2) with a reasonable belief for believing its actions were not in violation of FLSA. Id. To satisfy the subjective "good faith" component, "the [employer has the burden of proving] that [it] had `an honest intention to ascertain what [the Act] requires and to act in accordance with it.'" Id. (citations omitted). The objective "reasonable belief" component is less difficult to meet than § 259's "reliance on a written interpretation" requirement.
In the instant case, this court holds, in its sound discretion and based on AIDB's § 260 good faith defense, that plaintiffs are not entitled to liquidated damages. Limbaugh stated in her affidavit, without contradiction, that after Garcia, she diligently tried to adopt a compensation plan in compliance with FLSA. She attended seminars on FLSA and studied the statutes, regulations, and agency opinions. She traveled to Birmingham to meet with the DOL Wage and Hour specialist, who assured her that her proposed compensation plan was in compliance with FLSA. Without question, these actions satisfy the "good faith" element of the defense.
Further, the court finds that AIDB had a reasonable belief that its plan was not in violation of FLSA. As noted earlier, the standard for establishing a § 260 defense is less stringent than that necessary for establishing a § 259 defense. Precise conformity with FLSA and its accompanying regulations and DOL interpretations is not necessary; rather, a reasonable belief of conformity is all that is required. Thus, the fact that AIDB based its plan on its mistaken interpretation of the regulations and the 1981 Opinion Letter does not preclude the application of a § 260 defense. The court holds that AIDB's interpretation of the relevant regulations and DOL opinion letters, particularly in light of the confirmation of the DOL Wage and Hour specialist that AIDB's plan was in compliance with FLSA,[9] constituted a reasonable belief that the plan did not violate FLSA. Thus, plaintiffs are not entitled to liquidated damages.
A separate, appropriate order will be entered.
NOTES
[1] The relevant regulations provide:

Under certain conditions an employee is considered to be working even though some of his time is spent in sleeping or in certain other activities.
29 C.F.R. § 785.20 (1995).
An employee who is required to be on duty for less than 24 hours is working even though he is permitted to sleep or engage in other personal activities when not busy....
29 C.F.R. § 785.21 (1995).
Where an employee is required to be on duty for 24 hours or more, the employer and the employee may agree to exclude bona fide meal periods and a bona fide regularly scheduled sleeping period of not more than 8 hours from hours worked, provided adequate sleeping facilities are furnished by the employer and the employee can usually enjoy an uninterrupted night's sleep. If sleeping period is of more than 8 hours, only 8 hours will be credited. Where no express or implied agreement to the contrary is present, the 8 hours of sleeping time and lunch periods constitute hours worked.
29 C.F.R. § 785.22(a) (1995).
An employee who resides on his employer's premises on a permanent basis or for extended periods of time is not considered as working all the time he is one the premises.... It is, of course, difficult to determine the exact hours worked under these circumstances and any reasonable agreement of the parties which takes into consideration all of the pertinent facts will be accepted.
29 C.F.R. § 785.23 (1995).
[2] As noted earlier, the houseparents are off duty Monday through Friday from 8:00 a.m. to 2:00 p.m. and are free to leave the premises without any realistic means of being contacted.
[3] As noted earlier, one group works from Wednesday until Sunday morning, and sleeps at the AIDB premises Wednesday, Thursday, Friday, and Saturday nights, while the other group resides at the AIDB premises from Sunday morning until Wednesday, sleeping at the AIDB premises Sunday, Monday, and Tuesday nights.
[4] The court in Beaston, in dicta, harshly criticizes the DOL's black letter rule that no sleep time may be deducted where the employee is on duty for less than 24 hours. 693 F.Supp. at 238.
[5] The court notes that its holding is consistent with the position taken by the DOL in its amicus curiae brief.
[6] Limbaugh stated in her affidavit that on December 12, 1985, she traveled to Birmingham to meet with a Wage and Hour specialist at the DOL. After reviewing AIDB's proposed compensation plan for its houseparents, which included its policy for sleep time, the specialist advised Limbaugh that AIDB was in compliance with FLSA. Limbaugh states that she "relied on that representation as a confirmation of the conclusion that [she] had reached from reading the Interpretive Bulletin, opinion letters and other information concerning house parents." Affidavit of Cathy Limbaugh at 21.
[7] As noted by one commentator, the good faith defense's emphasis "is upon specificity. It is not sufficient to the employer to simply allege it read the pertinent regulations and acted in what it thought was conformity to those regulations. Such an approach would allow employers to circumvent the FLSA by shifting the focus from the employer's objective conduct to its subjective intentions." Michael Jilka, For Whom Does the Clock Tick: Public Employers' Liability for Overtime Compensation under Federal Law, 63 J. KAN. B.A. 34 (1994). Jilka recommends that employers seek written guidance from the Wage and Hour Administrator specifically addressing their compensation plans prior to implementation.
[8] As noted earlier, the § 259 defense was purely objective.
[9] This court determined in its first opinion that Limbaugh, in fact, appeared to have received "the advice and approval by the Wage and Hour Division of AIDB's proposed plan."