Richard L. ANDERSON, Plaintiff-Appellant,

v.

David W. REYNOLDS and W. L. (Joe) Gee, Defendants-Appellees.

No. 72–1443.

United States Court of Appeals, Tenth Circuit.

April 10, 1973.

Ronald C. Barker, Salt Lake City, Utah, for plaintiff-appellant.

Verl R. Topham, and Harold G. Christensen, Worsley, Snow & Christensen, Salt Lake City, Utah, for defendants-appellees.

Before MURRAH, SETH and DOYLE, Circuit Judges.

MURRAH, Circuit Judge.

In this suit against state narcotics agents, Dr. Anderson seeks redress in damages for the deprivation of his civil rights by wrongful arrest. During a routine drugstore investigation the agents noticed that an unusually large number of narcotics were being prescribed by the physician. The agents then visited Dr. Anderson's office, gave him the *Miranda* warnings, and asked to see his patient-treatment records.[1] Dr. Anderson produced Treasury Department records showing orders from drug suppliers, but refused to produce other records requested by the agents.

1. Sections 58–13a–21 and 58–13a–25, U.C.A., 1953, provide in presently material part that every physician shall keep a record of drugs administered, dispensed, or professionally used by him other than by prescription.

At a subsequent, similar meeting the agents informed Dr. Anderson that it was a crime to refuse access to the requested records, but the doctor again declined to comply with their requests.

Upon this disclosure to the Salt Lake County Attorney's Office, the Chief Criminal Deputy prepared a complaint charging Dr. Anderson with failure to permit inspection of records in violation of Section 58–13a–34, U.C.A., 1953,[2] and authorized issuance of a warrant for Dr. Anderson's arrest. The complaint was sworn to in the presence of a Municipal Judge, and the warrant issued. Dr. Anderson was then arrested at his office. These charges were subsequently dismissed prior to preliminary hearing, and Dr. Anderson's wife was convicted of forgery of the questioned prescriptions. The physician then filed this suit, alleging that the narcotics agents deprived and conspired to deprive him of his civil rights by arresting him in retaliation for his refusal to permit inspection of his patient-treatment records, thereby injuring his professional reputation in violation of 42 U.S.C. §§ 1983 and 1985 (3).[3]

Pursuant to a jury-waived trial, the trial court, D.C., 342 F.Supp. 101, held upon to decide here. Dr. Anderson does that the investigation was conducted in good faith, that the agents made full and fair disclosure to the County Attorney's Office and the Municipal Judge, and that the arrest was neither the result of any conspiracy nor a violation of civil rights. We affirm the judgment for the defendants.

Dr. Anderson contends that the patient-treatment records requested by the agents are privileged records under Section 78–24–8(4), U.C.A., 1953, which provides that a physician cannot be "examined, in a civil action," as to information required in attending to his patients. But the physician-patient privilege, recognized and protected by that section, is specifically confined to civil actions, and manifestly has no applicability to investigations under Section 58–13a–34, U.C.A., 1953. Dr. Anderson further contends that he is not required to keep or permit inspection of the records demanded by the agents, inasmuch as the record-keeping statute pertains only to drugs administered, dispensed, or professionally used by him "otherwise than by prescription," and, additionally, that his privileges against unreasonable searches and seizures and self-incrimination under the Fourth and Fifth Amendments protect him against a warrantless search of his records. These contentions present interesting questions,[4] but not the ones we are called upon to decide here. Dr. Anderson does not contend that his records were illegally searched; rather, his claim is that his arrest was a "penalty" imposed

---

2. Section 58–13a–34 provides that prescriptions, orders, and records required under the registration sections shall be opened for inspection by federal, state, county, and municipal officers whose duties include enforcement of the narcotics laws.

3. Section 1983 provides in presently material part that every person who, under color of any statute, causes any person to be deprived of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. Section 1985 provides in presently material part that if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing or attempting to enforce, the right of any person to the equal protection of the laws, the party so injured or deprived may have an action for the recovery of damages, against the conspirators.

4. Cf. e. g., United States v. Biswell, 406 U.S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87 (1972), with Colonnade Catering Corp. v. United States, 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60 (1970). See also, e. g., Camara v. Municipal Court of the City and County of San Francisco, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967); and Spevack v. Klein, 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574 (1967).

upon him because he refused to permit such an inspection—a claim of malicious prosecution. *Cf., e. g.,* Madison v. Mantor, 441 F.2d 537 (1st Cir. 1971). "Under the prevailing view in this country a peace officer who arrests someone with probable cause is not liable for false arrest simply because the innocence of the suspect is later proved." *See* Pierson v. Ray, 386 U.S. 547, 555, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967). *And see also* Valdez v. Black, 446 F.2d 1071 (10th Cir. 1971). Nor is he liable if the law under which he acts is subsequently invalidated. *See Pierson, supra.* Our only question, then, is whether Dr. Anderson's arrest was justified by a showing of probable cause.

■ Based upon painstaking findings of fact, the trial court concluded that the prosecution was reasonably warranted and was, therefore, instituted in good faith; that the warrant of arrest, having been issued by a judicial officer upon the sworn complaint prepared by the County Attorney's Office, cannot be the basis for civil rights or false arrest liability against the enforcement officers who executed it.

The judgment is affirmed.