**William C. RENFRO, Alan R. Metchley, William L. Olson, et al., Plaintiffs,**

v.

**CITY OF EMPORIA, KANSAS, Defendant.**

**Civ. A. No. 87–4038–S.**

United States District Court, D. Kansas.

Feb. 9, 1990.

Thomas A. Woodley, Gregory K. McGillivary, Mulholland & Hickey, Washington, D.C., Joseph W. Moreland, Blake & Uhlig, P.A., Kansas City, Kan., for plaintiffs.

Dale W. Bell, Guy, Helbert, Bell & Smith, Emporia, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the motion of defendant City of Emporia, Kansas (Emporia) for the court to reconsider or to alter or amend its Memorandum and Order of January 5, 1990, 729 F.Supp. 747, granting summary judgment for plaintiff firefighters on the issue of Emporia's liability for overtime compensation for the firefighters' on-call time under the Fair Labor Standards Act, 29 U.S.C. § 207 (hereafter, the FLSA). As an alternative to its motion for reconsideration, defendant Emporia requests that the court certify its decision on liability as a final and appealable order pursuant to Fed.R.Civ.P. 54(b) or 28 U.S.C. § 1292(b) and Fed.R.App.P. 5(a).

Defendant's motion to reconsider or to alter or amend is made pursuant to D. Kan. 206(f) and Rules 52 and 59(e) of the Federal Rules of Civil Procedure. As a preliminary matter, the court notes that Rules 52 (dealing with findings by the court after a bench trial) and 59(e) (dealing with a motion to alter or amend judgment) do not, by their terms, seem applicable in the present situation which involves a decision on a motion for summary judgment. The court, therefore, will consider defendants' motion as one generally for reconsideration under local rule 206(f).

 The decision to grant or deny a motion for reconsideration is committed to this court's discretion. *See Hancock v. Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir.1988) (stating that a district court's de-

cision on a motion for reconsideration is reviewed under an abuse of discretion standard). Because the local rule does not contain a standard for when the court should reconsider an order granting summary judgment, the court finds that the standards developed under Rules 52 are instructive by analogy on this point. A Rule 52 motion for the court to alter or amend its findings is not intended to allow the parties to relitigate old issues, to advance new theories, or to rehear the merits of a case. *See Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir.1986). Recognized grounds for a motion to alter or amend findings include "(1) that the trial court has made a manifest error of fact or law, (2) that there is newly discovered evidence, or (3) that there has been a change in the law." *Dow Chem. Pac. Ltd. v. Rascator Maritime S.A.*, 609 F.Supp. 451, 452–53 (S.D.N.Y.1984), *modified on other grounds*, 782 F.2d 329 (2d Cir.1986) (citation omitted). As Judge Crow stated in a recent decision, "[A] party's failure to present his strongest case in the first instance does not entitle him to a second chance in the form of a motion to amend." *Paramount Pictures Corp. v. Video Broadcasting Sys., Inc.*, No. 89–1412–C, slip op. at 2, 1989 WL 159369 (D. Kan., *unpublished*, Dec. 15, 1989) (citing *United States v. Carolina Eastern Chem. Co., Inc.*, 639 F.Supp. 1420, 1423 (D.S.C.1986)). The court further notes that under the "law of the case doctrine," once issues are decided by the court, those issues should not be relitigated or reconsidered unless they are clearly erroneous or unless some manifest injustice has been imposed. This doctrine is based on public policy favoring an end to litigation and encouraging dispute resolution by preventing continued reargument of decided issues. *See Todd Shipyards Corp. v. Auto Transp., S.A.*, 763 F.2d 745, 750 (5th Cir.1985); *Major v. Benton*, 647 F.2d 110, 112 (10th Cir.1981).

Upon examination of defendant's arguments in support of its motion for reconsideration, the court finds that two of the four arguments now advanced have been previously considered by the court in the context of the January 5, 1990 Memorandum and

Order. Because the court does not find its previous conclusions to have been either factually or legally erroneous, the court will not grant defendant's motion for reconsideration on those grounds. The court further finds defendant's argument that the court improperly applied the standards for summary judgment is meritless.

Defendant's remaining argument, raised for the first time in this motion for reconsideration, is that Emporia is entitled to raise its "good faith" reliance on administrative opinion as an absolute defense to liability under the FLSA, pursuant to 29 U.S.C. § 259. Although the court finds that raising a new argument after losing a summary judgment motion is not one of the recognized grounds for altering or amending a judgment, the court will nevertheless, in the interests of justice, consider defendant's argument. Section 10 of the Portal–to–Portal Act of 1947, 29 U.S.C.A. § 259 provides:

§ 259. **Reliance in future on administrative rulings, etc.**

(a) In any action or proceeding based on any act or omission on or after May 14, 1947, no employer shall be subject to any liability or punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938, as amended [29 U.S.C. § 201 et seq.], ... if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval or interpretation, of the agency of the United States specified in subsection (b) of this section....

(b) The agency referred to in subsection (a) of this section shall be—

(1) in the case of the Fair Labor Standards Act of 1938, as amended—the Ad-

ministrator of the Wage and Hour Division of the Department of Labor.

▇ The court, however, finds defendant Emporia's attempt to assert the section 259 "good faith" defense at this juncture insufficient for several reasons. First, the statute expressly requires that employers must both plead and prove this defense. In this case, Emporia has not heretofore pled this section as an affirmative defense. Emporia has asserted that its actions in determining overtime pay for its firefighters were taken in good faith. The court finds it questionable, at best, whether this assertion complies with either Rule 8 pleading requirements or the pleading requirements of the FLSA since it does not put plaintiffs or the court on notice that the defendant is relying on a section 259 defense or of the factual basis for the asserted defense. *Cf. Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D.Haw.1953) (stating that Rule 8 requires a FLSA plaintiff to show sufficient facts in his complaint to place him within the terms of the Act).

Second, Emporia's failure to plead this affirmative defense in its answer[1] or by way of Rule 12 motion amounts to a waiver of this defense in accordance with Rule 8(c) of the Federal Rules of Civil Procedure. The Tenth Circuit has explained the consequences of failure to plead an affirmative defense as follows:

If such defenses are not affirmatively pleaded, asserted with a motion under Rule 12(b)(6) or tried by the express or implied consent of the parties, such defenses are deemed to have been waived and may not thereafter be considered as triable issues in the case.

*Radio Corp. of America v. Radio Station KYFM, Inc.*, 424 F.2d 14, 17 (10th Cir. 1970). Defendant's assertions that it acted in good faith in the pretrial order in this case are similarly vague, as section 259 is again not mentioned. Under these circum-

---

1. In the affirmative defense section of its answer, Emporia did assert "[d]efendant has at all times acted in good faith in the implementation of its on-call policy with respect to fire fighters. Fire fighters have been paid over-time compensation for all hours worked in excess of their assigned tours of duty." Defendant's Answer

¶ 12. Defendant did not, however, mention section 259 or any administrative ruling or other writing on which it relied in implementing its on-call policy. As plaintiffs point out, this paragraph seems to assert only that defendant City paid the overtime it considered due.

stances, Emporia's failure to specifically plead section 259 and the particular written administrative opinion relied upon could well be deemed a waiver of this defense.

■ Assuming, however, that defendant's vague assertions of good faith are sufficient to plead this affirmative defense, the court finds that Emporia has failed to either prove a section 259 defense or create a triable issue on the existence of this defense. Section 259 requires an employer to prove that its action was taken in good faith, in conformity with, and in reliance on, a written administrative ruling by the Administrator of the Wage and Hour Division of the Department of Labor. *See Cole v. Farm Fresh Poultry, Inc.*, 824 F.2d 923, 926 (11th Cir.1987). Because section 259 expressly requires that the administrative opinion in question be in written form, it is clear that Emporia cannot rely on oral opinions it allegedly received from the Department of Labor as a basis for a defense under this section. *Farm Fresh Poultry, Inc.*, 824 F.2d at 926, 930 (citations omitted). *See* 29 C.F.R. Pt. 790.13(a).

■ The only written regulations on which Emporia asserts that it relied are the same regulations construed in this court's January 5, 1990 Memorandum and Order, namely 29 C.F.R. Pt. 785.17 and 29 C.F.R. Pt. 553.221. It is clear, however, that section 259 "was not intended 'to make each employer his own judge of whether or not he has been guilty of a violation.'" *Equal Employment Opportunity Comm'n v. Home Ins. Co.*, 672 F.2d 252, 265 (2d Cir. 1982) (quoting President Truman's message to Congress upon signing the Portal-to–Portal Act of 1947, 1947 U.S.Code Cong. & Admin.News 1827). Thus, section 259 was not intended to relieve employers from liability for their own improvident interpretations of the Fair Labor Standards Act. *Id.* at 266. *See Farm Fresh Poultry, Inc.*, 824 F.2d at 927, 930; *Olson v. Superior Pontiac—GMC, Inc.*, 765 F.2d 1570, 1579–80 (11th Cir.1985), *modified on other grounds*, 776 F.2d 265 (11th Cir.1985).

In rejecting a similar argument by an employer that its interpretation of the on-call regulations was entitled to the status of the good faith defense under section 259, the Eleventh Circuit Court of Appeals in *Farm Fresh Poultry, Inc.* concluded:

Thus the *Bulletin* [Part 785 interpreting "hours worked" under the FLSA] itself does not claim to establish a particular rule upon which an employer may rely in order to determine what length and type of waiting period is compensable time worked under the particular facts of this case. Thus it was in fact simply impossible for [the employer] to rely on it. Where an administrative interpretation is insufficient to allow objective reliance the reliance prong of the section 259 defense cannot be met; an employer's actual reliance upon his own incorrect interpretation of a vague and general administrative guideline will not suffice.

824 F.2d at 927 (citations omitted).

The court finds that the guidelines and illustrative applications contained in the regulations cited by defendant are too general to support a section 259 defense in this case. The introductory section to Part 785 of the regulations contains several disclaimers which should preclude any employer from relying on its general statements in any particular case, including the statement that this part "cannot include every possible situation." 29 C.F.R. Pt. 785.1. As the court stated in *Farm Fresh Poultry, Inc.*, "[a]dministrative interpretations hedged with qualifications, here the caveat that the correct answer depends upon particular circumstances, cannot provide the definitive opinion necessary to raise the statutory bar of section 259." 824 F.2d at 928 (citations omitted). The court therefore finds that Emporia has failed to even create a triable issue of an affirmative defense under section 259 because it cannot point to any written opinion from the Administrator of the Wage and Hour Division of the Department of Labor (other than the general on-call regulations themselves) on which it in good faith relied in instituting its on-call policy.[2] Thus, the

---

2. Although it is not mentioned in defendant's brief, defendant has attached a copy of a Sep-

tember 8, 1988 letter ruling from the Administrator to its brief. The court finds that this

court will not grant defendant's motion for reconsideration of its January 5, 1990 memorandum and order granting summary judgment for plaintiffs on the issue of defendant's liability under the FLSA.

■ The court also finds that given the weighty public policy against piecemeal litigation, the court declines to accede to defendant's request to certify its finding on liability as a final and appealable order either under Rule 54(b) of the Federal Rules or 28 U.S.C. § 1292. As the party seeking § 1292 certification, defendant Emporia must show exceptional circumstances which justify a departure from the "basic policy of postponing appellate review until after entry of a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475, 98 S.Ct. 2454, 2461, 57 L.Ed.2d 351 (1978). The defendant has made no such showing in this case. The court also finds that this case is not appropriate for 54(b) certification since it involves only one, rather than multiple, claims for relief. *See* Fed.R. Civ.P. 54(b). The court therefore directs the parties, in accordance with the court's previous order, that they will have sixty (60) days from the entry of this order to come to an agreement on the issue of damages. If no agreement is reached, the issue of damages will be set for hearing.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion for reconsideration is denied.

IT IS FURTHER ORDERED that defendant's motion to direct the January 5, 1990 order as a final judgment on the claim of liability or to certify the order for interlocutory appeal is also denied.

letter ruling is subject to the same deficiency for section 259 purposes as the general regulations themselves, i.e., because this letter ruling does not address Emporia's particular facts and circumstances, it is not specific enough to form the basis for a good faith reliance defense under section 259. Further, because this specific letter ruling also contains a cautionary statement to the effect that frequent call-ins may, in a particular situation, lead to a finding that on-call time is compensable under the FLSA, it is difficult to find that this letter ruling stands unequivocally for the proposition urged by defendant Emporia.