**Ross G. DEES, Plaintiff,**

v.

**Rogenia WILSON, et al., Defendants.**

**Civ. A. No. 91–2240–L.**

United States District Court,
D. Kansas.

July 17, 1992.

Ross G. Dees, pro se.

James S. Pigg, Fisher, Patterson, Sayler & Smith, Carl A. Gallagher, Office of the Atty. Gen., and Douglas F. Martin, Porter, Fairchild, Wachter & Haney, Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

On May 15, 1992, 1992 WL 135018, this court issued its Memorandum and Order ruling on the motions to dismiss filed by several of the defendants to this action. Both the plaintiff (Doc. #92) and defendants Rogenia Wilson, Weatherbie, Taylor, Buchman, Roberts, Nichols, Grimes, Fogo, Joeckel, Thompson, Clark, Dawson, Botcher, Bright, Tetwiler, John Wilson, Basgall, Baugher, Riggs, Conner, and the City of Paola (hereinafter "defendants") (Doc. #82) have filed motions to reconsider that Memorandum and Order which are currently before the court. For the reasons set forth below, the court denies the plaintiff's motion to reconsider and grants in part the defendants' motion to reconsider.

■ A motion to reconsider gives the court an opportunity to correct manifest errors of law or fact and to review newly discovered evidence. *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985), *cert. denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). A motion to reconsider is appropriate if the court has obviously misapprehended a party's position, the facts, or mistakenly has decided issues not presented for determination. *See Refrigeration Sales Co. v. Mitchell–Jackson, Inc.,* 605 F.Supp. 6, 7 (N.D.Ill.1983), *aff'd,* 770 F.2d 98 (7th Cir.1985).

## I. PLAINTIFF'S MOTION

■ After reviewing the court's previous ruling and the suggestions filed with plaintiff's motion to reconsider, the court concludes that, with one exception, its prior ruling was correct for the reasons therein stated. Plaintiff contends that his cause of action under 42 U.S.C. § 1985 should not have been dismissed for failure to plead racial animus because such animus is not required to support a claim under the portion of section 1985(2) which precedes the semicolon.

Plaintiff's amended complaint does not clearly set forth the portion of section 1985(2) upon which he relies to support his case. If he relies upon the portion of section 1985(2) after the semicolon, his claim must be dismissed for failing to plead racial animus, as held in the court's prior Memorandum and Order. If, however, he relies upon the portion of the section 1985(2) preceding the semicolon, he has failed to plead a sufficient basis for a claim against the defendants. His complaint does not allege that the defendants attempted to deter him "by force, intimidation, or threat" from attending trial or participating as a witness. It is therefore apparent that plaintiff's section 1985 claim must be dismissed, and the court's prior ruling was not erroneous. Plaintiff's motion to reconsider is denied.

## II. DEFENDANTS' MOTION [1]

The court's prior Memorandum and Order dismissed plaintiff's injunctive relief claims and his claims against the defendants in their individual capacities, but did not dismiss plaintiff's official capacity claims as to certain defendants. The defendants' motion to reconsider primarily seeks a clarification of the scope of the court's prior order. The body of that order contained language indicating that the plaintiff had failed to allege facts upon which a claim could be based at all against several defendants, but the final recitation

---

1. Defendants also filed a Motion for Substitution of Memorandum in Support of Motion for Reconsideration (Doc. # 89). The court interprets that motion merely to be one to correct errors contained in the memorandum filed with the defendants' Motion to Reconsider, and it is granted.

of the court's order failed to specify that these defendants were dismissed entirely from this action. The defendants' motion to reconsider is granted for the purpose of clarifying the court's prior holding.

Plaintiff's amended complaint fails to allege any facts upon which defendants Baugher, Dawson, Botcher, Basgall, Grimes, Clark, Joeckel, Roberts, and Thompson could be held liable. Therefore, plaintiff's claims against those defendants are dismissed in their entirety. The court found that defendant John Wilson, the municipal court judge sued by plaintiff, was entitled to absolute judicial immunity from suit on the claims plaintiff brought against him. All of the plaintiff's claims against him are also dismissed.

█ Defendants also argue that defendant Conner, the police officer who arrested plaintiff after plaintiff refused to pay the fine levied against him for violating the Paola city ordinance, should be dismissed from this suit. The court's prior order found that Conner was entitled to qualified immunity as to the plaintiff's individual capacity claims, but did not dismiss the official capacity claims against him. Conner arrested plaintiff pursuant to a municipal court order to do so. As defendants correctly argue, a law enforcement officer who arrests an individual pursuant to a court order or warrant is not liable as a matter of law for the execution of that order or warrant. *See Anderson v. Reynolds,* 476 F.2d 665, 667 (10th Cir.1973). Therefore, plaintiff's official capacity claims against defendant Conner also fail, and he is entitled to be dismissed from this action in its entirety.[2]

The defendants' motion to reconsider as to defendants Riggs, Bright, Tetwiler, and the City of Paola must be denied, however. Plaintiff's claims against defendant Riggs relate to Riggs' investigation of plaintiff's violation of the city ordinance at issue. The court found that Riggs was entitled to

qualified immunity from suit as to the plaintiff's individual capacity claims. The court was unable to conclude on the record before it, however, that the plaintiff could prove no set of facts that would entitle him to relief against Riggs in his official capacity. Therefore, defendant Riggs was only dismissed from this action as to the individual capacity claims against him. After considering the arguments advanced by the parties, the court finds that its original ruling as to defendant Riggs was correct.

█ Defendants argue that Bright and Tetwiler, the city attorneys who prosecuted plaintiff for violating the city ordinance, are entitled to absolute prosecutorial immunity as to plaintiff's official capacity claims against them as well as the individual capacity claims. This defense is unavailable, however, in an official capacity action. *See Kentucky v. Graham,* 473 U.S. 159, 167, 105 S.Ct. 3099, 3106, 87 L.Ed.2d 114 (1985); *Mairena v. Foti,* 816 F.2d 1061, 1064 n. 1 (5th Cir.1987), *cert. denied sub nom. Connick v. Mairena,* 484 U.S. 1005, 108 S.Ct. 697, 98 L.Ed.2d 649 (1988) (prosecutorial immunity is a personal defense, inapplicable when official is sued in official capacity). Thus, the official capacity claims against Bright and Tetwiler cannot be dismissed based upon this defense.

█ Finally, the defendants argue that this entire action should be dismissed as to them because plaintiff's claims are barred by res judicata.[3] They contend that the issue of the constitutionality of the city ordinance could have been litigated in the municipal court proceeding, so plaintiff is now barred from raising it in this action. The court is not convinced, however, that either the doctrines of res judicata or collateral estoppel preclude plaintiff from raising this issue. The constitutionality of the city ordinance was not "actually litigated" in the state court proceedings, as required by Kansas collateral estoppel law.

---

**2.** Defendants also request that the court award sanctions against plaintiff pursuant to Fed. R.Civ.P. 11 for filing a baseless claim against Conner. The court does not believe, however, that plaintiff's claims against Conner were so unfounded as to justify such sanctions.

**3.** The argument actually raised by the defendants is one of issue preclusion, or collateral estoppel, not claim preclusion, or res judicata.

*See Williams v. Evans,* 220 Kan. 394 Syl. ¶ 2, 552 P.2d 876 (1976).

■ The essence of the argument raised by the defendants may more properly be encompassed by the doctrine of waiver. Kansas law requires that a constitutional challenge to a city ordinance be raised at the earliest possible opportunity or it is considered waived. *See Willoughby v. Willoughby,* 178 Kan. 62, 283 P.2d 428 (1955); *City of Junction City v. Mevis,* 226 Kan. 526, 601 P.2d 1145 (1979). The court notes that the doctrine of waiver may be applicable to the case at bar. However, because the plaintiff is proceeding *pro se,* he should be given an opportunity to brief the potential applicability of this doctrine to his case as it is properly termed. The parties are therefore ordered to show cause to this court in writing by August 6, 1992, why this case should or should not be dismissed entirely as to these defendants on the basis of the doctrine of waiver.

*It is therefore ordered by the court* that plaintiff's motion to reconsider (Doc. # 92) is denied. Defendants' motion to reconsider (Doc. # 82) is granted in part and denied in part. Plaintiff's claims against defendants Baugher, John Wilson, Dawson, Botcher, Basgall, Grimes, Clark, Joeckel, Roberts, Thompson, and Conner are dismissed in their entirety.

*It is further ordered* that defendants' motion for substitution of memorandum (Doc. # 89) is granted.

*It is further ordered* that the parties are hereby directed to show good cause in writing to this court by August 6, 1992, why or why not this action should be dismissed in its entirety as to the defendants herein named based upon the doctrine of waiver as articulated by the Kansas Supreme Court.

IT IS SO ORDERED.