**Mary A. KORTAN, Plaintiff,**

v.

**PAYLESS SHOESOURCE, INC., Defendant.**

**Civ. A. No. 92–4152–DES.**

United States District Court, D. Kansas.

Nov. 14, 1994.

**44**

Pantaleon Florez, Jr., Florez & Frost, P.A., Topeka, KS, for plaintiff.

John J. Yates, Tonya Olsen Johnston, Gage & Tucker, Kansas City, MO, and Jill I. Pilkenton, St. Louis, MO, for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on Mary A. Kortan's ("Kortan") motion to alter or amend judgment (Doc. 66) filed October 11, 1994.

██ A motion for reconsideration provides the court with an opportunity to correct "manifest errors of law or fact and to review newly discovered evidence." *Dees v. Wilson,* 796 F.Supp. 474, 475 (D.Kan.1992). A court has discretion whether to grant or deny a motion for reconsideration. *Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988). There are three circumstances in which a court may appropriately grant a motion for reconsideration: (1) where the court made a manifest error of fact or law; (2) where there is newly discovered evidence; and (3) where there has been a change in the law. *Renfro v. City of Emporia, Kan.,* 732 F.Supp. 1116, 1117 (D.Kan.), *aff'd,* 948 F.2d 1529 (1991).

██ In her motion to alter or amend, Kortan argues that the court's stated reason that she was terminated for unsatisfactory job performance "is not worthy of credence given the testimony of Tammy Calkins." The court construes Kortan's argument to mean she believes that Calkins' testimony is unworthy of credence.

Even if the court were to agree with Kortan's assertion, the record contains ample evidence to demonstrate Kortan's unacceptable job performance. Kortan has made no showing that the court committed a manifest error of law or fact; has produced no new evidence and has provided no evidence of a change of law which would be applicable to the outcome of this case.

██ A motion for reconsideration is not to be used as a vehicle for the losing party to rehash arguments previously considered and rejected. *National Metal Finishing Co., Inc. v. BarclaysAmerican/Commercial, Inc.,* 899 F.2d 119, 123 (1st Cir.1990); *In re Oil Spill by "Amoco Cadiz" of France on March 16, 1978,* 794 F.Supp. 261, 267 (N.D.Ill.1992). Indeed, "[a] party's failure to present his

strongest case in the first instance does not entitle him to a second chance in the form of a motion to amend." *Paramount Pictures Corp. v. Video Broadcasting Sys., Inc.,* No. 89–1412–C, 1989 WL 159369, at *1 (D.Kan. Dec. 15, 1989) (citing *United States v. Carolina Eastern Chem. Co., Inc.,* 639 F.Supp. 1420, 1423 (D.S.C.1986)).

In conclusion, the court has reviewed Kortan's motion and concludes that nothing has been presented which would justify a change in its September 30, 1994, Memorandum and Order.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's motion to alter or amend judgment (Doc. 66) is dismissed and all relief denied.