UNITED STATES of America, Plaintiff,

v.

**Michael M. MINTZ, Defendant.**

No. 91–40045–01–DES.

United States District Court, D.Kansas.

Aug. 16, 1996.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the defendant's Motion for Reconsideration and Modification of Memorandum and Order and for Appointment of New Counsel for Mr. Mintz (Doc. 484). On March 28, 1996, the court denied the defendant's Motion for Order Clarifying Intention of Court's Sentencing Order and for Appropriate Ancillary Relief, Motion to Reopen Sentencing Proceeding, and Motion to Compel Rule 35 Motion and for Specific Enforcement of Plea Agreement.

In denying the defendant's Motion to Compel Rule 35 Motion and for Specific Enforcement of Plea Agreement, the court found that the plea agreement between the government and Mr. Mintz did not address the government's filing of a Rule 35(b) motion, and that therefore the government's refusal to file such a motion did not represent a violation of the agreement. Mr. Mintz maintains that there was a previously executed plea agreement which required the government to file a Rule 35(b) motion in return for his substantial assistance, and that his attorneys understood that the plea agreement subsequently executed by all parties on October 25, 1994, imposed the same obligation on the government. Mr. Mintz asks that the court hold an evidentiary hearing in which his prior counsel would testify regarding their understanding of the terms of the plea agreement.

Plea agreements are contracts, and are thus construed according to ordinary contract principles. *United States v. Ailsworth,* 927 F.Supp. 1438, 1444–45 (D.Kan. 1996). The October 25, 1994, agreement contained the following language: "This written Plea Agreement supersedes any and all other agreements or negotiations which the parties may have previously reached or discussed, and this written plea agreement embodies each and every term of the agreement among the parties." When a plea agreement contains such an integration clause, the parties' rights and obligations may not be varied or contradicted by parol evidence in the absence of mistake or fraud. *Id.* at 1446. Where, as here, the final agreement contains no mention of the government's filing of a Rule 35(b) motion, the court cannot look to previous agreements or negotiations between the parties to alter the government's obligation.

The court also found in its March 28, 1996, order that the plea agreement did not require the government to withdraw the information for enhanced sentence filed pursuant to 21 U.S.C. § 851, but rather that the withdrawal of the information was premised on Mr. Mintz's provision of substantial assistance. The defendant contends that the plea agreement is ambiguous regarding the withdrawal of the § 851 information. According to Mr. Mintz, he and his attorneys understood that withdrawal of the information was contingent only on execution of the plea agreement.

A contract is not rendered ambiguous simply because the parties do not agree as to its proper construction. *Castleglen, Inc. v. Resolution Trust Corp.,* 984 F.2d 1571, 1581 (10th Cir.1993). Whether a contract's terms are ambiguous is a question of law decided by the court. *Consarc Corp. v. Marine Midland Bank, N.A.,* 996 F.2d 568, 573 (2d Cir.1993). If found to be unambiguous, the court must interpret the contract solely within its "four corners," and extrinsic evidence is inadmissible. *Amoco Prod. Co. v. Kansas Power & Light Co.,* 505 F.Supp. 628, 632 (D.Kan.1980).

We find that the plea agreement is unambiguous in regard to the government's withdrawal of the § 851 information. The defendant's argument that the plea agreement is ambiguous, and means something other than what it says, is not persuasive. *See Castleglen,* 984 F.2d at 1581 ("ambiguity in a contract cannot be created by the mere assertions of a party"). Mr. Mintz has failed to show that the court made a manifest error of fact or law in construing the plea agree-

ment, and thus the court must deny his motion for reconsideration. *Renfro v. City of Emporia, Kan.,* 732 F.Supp. 1116, 1117 (D.Kan.1990), *aff'd,* 948 F.2d 1529 (10th Cir. 1991).

Finally, Mr. Mintz's counsel, Benjamin C. Wood, maintains that he rendered ineffective assistance to the defendant at sentencing. In our March 28, 1996, order, we held that the three-year period which the defendant had spent in custody prior to his sentencing by this court on April 14, 1995, could not be credited to both his District of Kansas sentence and a sentence previously imposed by the Southern District of Florida. 18 U.S.C. § 3585(b). Mr. Wood asserts that he rendered ineffective assistance to his client by failing to argue at sentencing that the three-year period should be credited to both sentences. Counsel asks the court to appoint a new attorney to represent Mr. Mintz, and to hold a new sentencing hearing at which such an argument can be made.

An indigent prisoner seeking correction of his sentence under 28 U.S.C. § 2255 may be appointed counsel if the court determines that the interests of justice so require. 18 U.S.C. § 3006A(a)(2)(A). In deciding whether to appoint counsel, the court must evaluate the likelihood of the movant's success on the merits, and whether the movant's claims have already been adequately presented to the court. *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir.1983); *Wilson v. Duckworth,* 716 F.2d 415, 418 (7th Cir.1983). Defense counsel in this case has thoroughly articulated the defendant's claims in regard to sentencing credit for time served. The court sees no reason to appoint new counsel to make the same arguments as those already advanced by present counsel.

**IT IS THEREFORE BY THE COURT ORDERED** that the defendant's Motion for Reconsideration and Modification of Memorandum and Order and for Appointment of New Counsel for Mr. Mintz (Doc. 484) is denied.