SAC AND FOX NATION OF MISSOURI, Iowa Tribe of Kansas and Nebraska, Kickapoo Tribe of Indians of the Kickapoo Reservation in Kansas, Plaintiffs,

v.

John D. LaFAVER, Secretary Kansas Department of Revenue, Defendant.

Civil Action No. 95–4152–DES.

United States District Court, D. Kansas.

Feb. 12, 1998.

Mark S. Gunnison, Stephen D. McGiffert, Payne & Jones, Chtd., Overland Park, KS, Paul Alexander, Alexander & Karshmer, Washington, DC, for Sac and Fox Nation of Missouri.

Mark S. Gunnison, Stephen D. McGiffert, Payne & Jones, Chtd., Overland Park, KS, for Iowa Tribe of Kansas & Nebraska.

Pedro L. Irigonegaray, Robert V. Eye, Irigonegaray & Associates, Topeka, KS, Mario Gonzalez, Horton, KS, for Kickapoo Tribe of Indians.

John Michael Hale, Amy Weller Liebau, Jason L. Reed, Topeka, KS, for John D. LaFaver.

## *MEMORANDUM AND ORDER*

SAFFELS, Senior District Judge.

This matter is before the court on defendant's Motion for Reconsideration (Doc. 72). For the reasons set forth below, defendant's motion is denied.

## I. BACKGROUND

The plaintiffs are three federally-recognized Indian Tribes: The Sac and Fox Nation of Missouri ("Sac and Fox"); the Iowa Tribe of Kansas and Nebraska ("Iowa"); and the Kickapoo Tribe of Indians of the Kickapoo Reservation in Kansas ("Kickapoo") (collectively the "Tribes"). Sac and Fox is the beneficial owner of and exercises jurisdiction over the Sac and Fox Indian Reservation, as well as land located at Reserve, Kansas, which land is held in trust for Sac and Fox by the United States of America. Iowa is the beneficial owner of and exercises jurisdiction over the Iowa Tribe of Kansas and Nebraska Indian Reservation. A part of the Iowa land is held in trust for Iowa by the United States of America. Kickapoo is the beneficial owner of and exercises jurisdiction over land within the Kickapoo Nation's federally recognized boundaries, which land is

held in trust for Kickapoo by the United States of America. All three plaintiffs operate retail gasoline stations on their reservations, and assess tribal taxes on their motor fuel sales.

On May 7, 1995, the Kansas Legislature passed Senate Bill 88 ("SB 88"), which is codified at Kan.Stat.Ann. § 79–3408g(d)(2). Section 79–3408g(d)(2) provides as follows:

No tax is hereby imposed upon or with respect to the following transactions: ... (2) The sale or delivery of motor-vehicle fuel or special fuel to the United States of America and such of its agencies as are now or hereafter exempt by law from liability to state taxation, except that this exemption shall not be allowed if the sale or delivery of motor-vehicle fuel or special fuel is to a retail dealer located on an Indian reservation in the state and such motor-vehicle fuel or special fuel is sold or delivered to a nonmember of such reservation.

On May 17, 1995, the legislature passed House Bill 2161 ("HB 2161"), which is codified at Kan.Stat.Ann. § 79–3408(d)(2). Section 79–3408(d)(2) contains the exemption language of section 79–3408g(d)(2), but does not contain the exception for deliveries to nonmembers of Indian reservations. Section 79–3408(d)(2) reads as follows: "No tax is hereby imposed upon or with respect to the following transactions: ... (2) The sale or delivery of motor-vehicle fuel or special fuel to the United States of America and such of its agencies as are now or hereafter exempt by law from liability to state taxation."

On September 6, 1995, the Kansas Department of Revenue ("DOR") announced its intention to begin collecting tax on motor fuel sales on Indian lands, including sales from distributors to plaintiffs. Plaintiffs challenged the imposition of this tax and alleged that the Kansas statutes purporting to subject the Tribes to the state's motor fuels tax are unconstitutional and preempted by federal law. On October 5, 1995, this court entered a temporary restraining order enjoining and restraining DOR from applying and enforcing the collection of any motor fuels tax on tribal retail motor fuel sales on Indian lands, including sales from distributors to plaintiffs, as outlined in Senate Bill No. 88, signed on May 7, 1995, and House Bill No.

2161, signed on May 17, 1995, and implemented on September 6, 1995. The court further ordered that the temporary restraining order would be effective until such time as the court had ruled on plaintiffs' motion for preliminary injunction.

After several requests for continuance from the parties, the court heard arguments on the preliminary injunction on September 30, 1996. On October 30, 1996, the court granted plaintiffs' Motion for Issuance of Preliminary Injunction (Doc. 3) and enjoined DOR from applying or enforcing the Kansas motor fuels tax on motor fuel sales on Indian lands, including sales from distributors to the Tribes, as implemented on September 6, 1995, pending adjudication of the plaintiffs' claims. On October 31, 1996, defendant La-Faver moved to dismiss the action, pursuant to Fed.R.Civ.P. 12(b)(1), for lack of jurisdiction. This court issued a Memorandum and Order on September 4, 1997, denying defendant's motion to dismiss. Defendant now moves the court to reconsider its September 4, 1997, order, or, alternatively, to permit defendant to file an interlocutory appeal to the Tenth Circuit Court of Appeals.

## II. DISCUSSION

 A motion for reconsideration provides the court with an opportunity to correct "manifest errors of law or fact and to review newly discovered evidence." *Dees v. Wilson,* 796 F.Supp. 474, 475 (D.Kan.1992), *aff'd,* 13 F.3d 405 (1993). A court has discretion whether to grant or deny a motion for reconsideration. *Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988). There are three circumstances in which a court may appropriately grant a motion for reconsideration: (1) where the court made a manifest error of fact or law; (2) where there is newly discovered evidence; and (3) where there has been a change in the law. *Renfro v. City of Emporia, Kan.,* 732 F.Supp. 1116, 1117 (D.Kan.), *aff'd,* 948 F.2d 1529 (1991).

 A motion for reconsideration is not to be used as a vehicle for the losing party to rehash arguments previously considered and rejected. *Voelkel v. GMC,* 846 F.Supp. 1482, 1483 (D.Kan.), *aff'd,* 43 F.3d 1484 (10th Cir. 1994). Indeed, "[a] party's failure to present

his strongest case in the first instance does not entitle him to a second chance in the form of a motion to amend." *Paramount Pictures Corp. v. Video Broadcasting Sys., Inc.,* No. 89–1412–C, 1989 WL 159369, at *1 (D.Kan. Dec.15, 1989) (citing *United States v. Carolina Eastern Chem. Co., Inc.,* 639 F.Supp. 1420, 1423 (D.S.C.1986)). Such motions are therefore not appropriate if the movant intends only that the court hear new arguments or supporting facts. *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991), *cert. denied,* 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992).

"The party moving for reconsideration has the 'burden to show that there has been a change of law, that new evidence is available, or that reconsideration is necessary to correct clear error or prevent manifest injustice.'" *Mackey v. IBP, Inc.,* No. 95–2288–GTV, 1996 WL 417513 at *2 (D.Kan. July 22, 1996) (quoting *International Bhd. of Teamsters, Local 955 v. Sambol Meat Packing Co.,* No. 92–2338–JWL, unpublished op. at 2 (D.Kan. Sept. 30, 1993)). Here, defendant does not allege a change in law or the availability of new evidence. Accordingly, his arguments require the court to decide whether reconsideration is necessary to correct any clear error or prevent manifest injustice.

■ The court finds no proper grounds for reconsideration. Although defendant disagrees with the court's interpretation of the law, his arguments do not establish the court's prior ruling to be "clearly erroneous." Nor does defendant demonstrate clear error which should be corrected to prevent manifest injustice.

The court has also examined defendant's request for permission to file an interlocutory appeal, and finds that defendant has failed to satisfy the requirements for this court to permit such an appeal. Accordingly, plaintiff's motion must be denied.

**IT IS THEREFORE BY THE COURT ORDERED** that defendant's Motion to Reconsider (Doc. 72) is denied.