**CLASSIC COMMUNICATIONS, INC.; Classic Telephone, Inc.; and Classic Cable, Inc., Plaintiffs,**

v.

**RURAL TELEPHONE SERVICE CO., INC. and VISION PLUS, INC., Defendants.**

**CIV.A. No. 96–2166–DES.**

United States District Court, D. Kansas.

May 15, 1998.

Victor A. Davis, Jr., David P. Troup, Weary, Davis, Henry, Struebing & Troup, Junction City, KS, Gordon D. Gee, Paul G. Schepers, Rachel H. Baker, Susan S. Goldammer, Seigfreid, Bingham, Levy, Selzer & Gee, Kansas City, MO, Cary Ferchill, Mark D. Goranson, Brian F. Antweil, Winstead, Sechrest & Minick, P.A., Austin, TX, for plaintiffs.

Donald D. Barry, Anthony S. Barry, Barry & Barry, Topeka, KS, J. Eugene Balloun, Timothy M. O'Brien, Robert D. Grossman, David A. Rameden, Shook, Hardy & Bacon, L.L.P., Overland Park, KS, for Rural Telephone Service Co., Inc., Vision Plus, Inc., Larry Sevier and Merlin Dennis.

William B. Elliott, Hill City, KS, for City of Hill City, KS.

Allen G. Glendenning, Watkins, Calcara, Rondeau, Friedeman, Bleeker, Glendenning & McVay, Chtd., Great Bend, KS, for City of Bogue, KS.

Tony A. Potter, Hill City, KS, Allen G. Glendenning, Watkins, Calcara, Rondeau, Friedeman, Bleeker, Glendenning & McVay, Chtd., Great Bend, KS, for City of Morland, KS.

Steven W. Hirsch, Hirsch & Pratt, Oberlin, KS, Allen G. Glendenning, Watkins, Calcara, Rondeau, Friedeman, Bleeker, Glendenning & McVay, Chtd., Great Bend, KS, for City of Norcatur, KS.

Kenneth L. Cole, Soelk & Cole, Russell, KS, Allen G. Glendenning, Watkins, Calcara, Rondeau, Friedeman, Bleeker, Glendenning & McVay, Chtd., Great Bend, KS, for City of Gorham, KS.

Craig Blumreich, Gehrt & Roberts, Chtd., Topeka, KS, for City of Damar, KS and City of Palco, KS.

Karen L. Griffiths, R. Douglas Sebelius, Sebelius & Griffiths, Norton, KS, for City of Logan, KS.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on Rural Telephone Service Co., Inc. and Vision Plus, Inc.'s Motion to Reconsider and/or Motion to File Amended Counterclaim (Doc. 248).

This action arises from the efforts of Classic Communications, Inc. and its subsidiary telephone and cable companies (collectively "Classic") to expand its telecommunications business into western Kansas. In each of the cities into which Classic attempted to expand its business, Rural Telephone Service Co., Inc. or its wholly-owned subsidiary, Vision Plus, Inc. (collectively "Rural"), was already operating a local telephone exchange or a cable television system, or both.

Classic alleges that Rural has engaged in illegal conduct and schemes designed to prevent Classic from competing with Rural. Specifically, Classic alleges that Rural has interfered with Classic's business relationships, made misrepresentations in order to injure Classic's business reputation, and con-

spired with members of the local city governments to prevent Classic from entering into and competing in the region's telecommunications market. At present, Classic's only remaining claim against Rural is a federal Lanham Act claim brought pursuant to 15 U.S.C. § 1125, and a state law defamation claim.

In answer to Classic's amended complaint, Rural asserts a counterclaim against Classic alleging an illegal horizontal market allocation in violation of the Sherman Antitrust Act, 15 U.S.C. § 1. By an "illegal horizontal market allocation" Rural refers to the agreement between Classic and Pioneer Telephone Association Incorporated ("Pioneer") not to compete with each other in certain product and geographical markets including the western Kansas cities of Wakeeny, Hill City, and Quinter. According to Rural, but for the agreement between Classic and Pioneer, which horizontally allocated the telephone exchange and cable television markets, Rural Telephone, as the highest qualified final bidder, would have purchased Sprint/United's Wakeeney, Hill City, and Quinter local telephone exchanges in 1995. Rural also asserts a counterclaim against Classic alleging defamation under Kansas state law. Specifically, Rural claims that J. Meritt Belisle, Classic's Chief executive Officer, made two statements concerning Rural that are *per se* defamatory.

■ A motion for reconsideration provides the court with an opportunity to correct "manifest errors of law or fact and to review newly discovered evidence." *Dees v. Wilson,* 796 F.Supp. 474, 475 (D.Kan.1992), *aff'd,* 13 F.3d 405 (1993). A court has discretion whether to grant or deny a motion for reconsideration. *Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988). There are three circumstances in which a court may appropriately grant a motion for reconsideration: (1) where the court made a manifest error of fact or law; (2) where there is newly discovered evidence; and (3) where there has been a change in the law. *Renfro v. City of Emporia, Kan.,* 732 F.Supp. 1116, 1117 (D.Kan.), *aff'd,* 948 F.2d 1529 (1991).

■ A motion for reconsideration is not to be used as a vehicle for the losing party to rehash arguments previously considered and rejected. *Voelkel v. GMC,* 846 F.Supp. 1482, 1483 (D.Kan.), *aff'd,* 43 F.3d 1484 (10th Cir. 1994). Indeed, "[a] party's failure to present his strongest case in the first instance does not entitle him to a second chance in the form of a motion to amend." *Paramount Pictures Corp. v. Video Broadcasting Sys., Inc.,* No. 89–1412–C, 1989 WL 159369, at *1 (D.Kan. Dec. 15, 1989) (citing *United States v. Carolina Eastern Chem. Co., Inc.,* 639 F.Supp. 1420, 1423 (D.S.C.1986)). Such motions are therefore not appropriate if the movant intends only that the court hear new arguments or supporting facts. *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991), *cert. denied,* 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992).

■ "The party moving for reconsideration has the 'burden to show that there has been a change of law, that new evidence is available, or that reconsideration is necessary to correct clear error or prevent manifest injustice.'" *Mackey v. IBP, Inc.,* No. CIV.A. 95–2288–GTV, 1996 WL 417513 at *2 (D.Kan. July 22, 1996) (quoting *International Bhd. of Teamsters, Local 955 v. Sambol Meat Packing Co.,* No. 92–2338–JWL, unpublished op. at 2 (D.Kan. Sept. 30, 1993)). Here, defendants do not allege a change in law or the availability of new evidence. Accordingly, defendants' arguments require the court to decide whether reconsideration is necessary to correct any clear error or prevent manifest injustice.

The court has considered defendants' arguments and finds that defendants have not met the burden of showing that reconsideration is necessary in this case to correct clear error or prevent manifest injustice. As stated above, reconsideration is not appropriate if the movant intends only that the court hear new arguments or supporting facts.

The court next addresses defendants' motion for leave to file an amended counterclaim. Fed.R.Civ.P. 15(a) provides that a party may amend the pleadings after the time for amending as a matter of course "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R.Civ.P. 15(a). The Supreme Court ex-

plained, in *Foman v. Davis*, the approach that should be taken by district courts in deciding whether to allow a party to amend a pleading:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). "Generally, refusing leave to amend is only justified upon a showing of undue delay, bad faith, or undue prejudice to the opposing party." *Childers v. Independent Sch. Dist. No. 1*, 676 F.2d 1338, 1343 (10th Cir.1982).

"In the absence of a specific factor such as flagrant abuse, bad faith, or truly inordinate and unexplained delay, prejudice to the opposing party is the key factor to be evaluated in deciding a motion to amend." *Federal Deposit Ins. Corp. v. Berr*, 643 F.Supp. 357, 359 (D.Kan.1986) (citation omitted). Prejudice under Fed.R.Civ.P. 15 "means undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the other party." *Id.* (quoting *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir.1969)). "The party opposing the amendment of the pleadings has the burden of showing prejudice." *Id.* (citing *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir.1977)).

Classic makes no arguments regarding bad faith or undue prejudice. Instead, it argues that Rural's motion to amend should be denied because the amended counterclaim is indistinguishable from the antitrust claim this court previously dismissed for failure to state a claim. The court is not convinced that this argument is grounds for denying Rural's motion to amend. But even if it were, it must fail nevertheless. The court has reviewed Rural's proposed amended counterclaim and believes that it would sufficiently remedy the defects of the original counterclaim to properly state an antitrust counterclaim.

**IT IS THEREFORE BY THE COURT ORDERED** that Rural's Motion to Reconsider and/or Motion to File Amended Counterclaim (Doc. 248) is granted as to Rural's request to file an amended counterclaim.

**IT IS FURTHER ORDERED** that Rural is directed to file an amended counterclaim within ten days of this order.