**SAC AND FOX NATION OF MISSOURI, Iowa Tribe of Kansas and Nebraska, Kickapoo Tribe of Indians of the Kickapoo Reservation in Kansas, Plaintiffs,**

v.

**Karla PIERCE, Secretary, Kansas Department of Revenue, Defendant.**

**No. Civ.A. 95–4152–DES.**

United States District Court, D. Kansas.

March 15, 1999.

Mark S. Gunnison, Stephen D. McGiffert, Payne & Jones, Chtd., Overland Park, KS, John R Shordike, Patricia Prochaska, Berkeley, CA, Paul Alexander, Alexander & Karshmer, Washington, DC, Pedro L. Irigonegaray, Robert V. Eye, Irigonegaray & Associates, Topeka, KS, Mario Gonzalez, Horton, KS, for Plaintiffs.

Amy Weller Liebau, Hinkle, Eberhart & Elkouri, L.L.C., Wichita, KS, John Michael Hale, Jason L. Reed, Kansas Department of Revenue, Bureau of Legal Services, Topeka, KS, for Defendants.

### *MEMORANDUM AND ORDER*

SAFFELS, District Judge.

This matter is before the court on the defendant's Motion for Reconsideration (Doc. 103) of the court's Memorandum and Order dated December 17, 1998, which granted the plaintiffs' motion for summary judgment and denied the defendant's motion for summary judgment. Both parties

have submitted briefs on this matter and the court is ready to rule.

## I. FACTUAL BACKGROUND

The plaintiffs, who are all federally recognized Indian tribes located in the state of Kansas, filed suit seeking an injunction to prevent the defendant from collecting taxes from motor-fuel distributors for fuel sold to the plaintiffs. On December 17, 1998, the court issued an order granting the plaintiff's motion for summary judgment and denying the defendant's motion for summary judgment. The court also issued a permanent injunction against the defendant, preventing the collection these taxes. The defendant filed the current motion asking the court to reconsider its previous order.

## II. STANDARD FOR A MOTION FOR RECONSIDERATION

■ A motion for reconsideration provides the court with an opportunity to correct "manifest errors of law or fact and to review newly discovered evidence." *Dees v. Wilson*, 796 F.Supp. 474, 475 (D.Kan.1992). A court has discretion whether to grant or deny a motion for reconsideration. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988). There are three circumstances in which a court may appropriately grant a motion for reconsideration: (1) where the court made a manifest error of fact or law; (2) where there is newly discovered evidence; and (3) where there has been a change in the law. *Renfro v. City of Emporia, Kan.*, 732 F.Supp. 1116, 1117 (D.Kan.1990).

■ A motion for reconsideration is not to be used as a vehicle for the losing party to rehash arguments previously considered and rejected. *Voelkel v. GMC*, 846 F.Supp. 1482, 1483 (D.Kan.1994). Indeed, "[a] party's failure to present his strongest case in the first instance does not entitle him to a second chance in the form of a motion to amend." *Paramount Pictures Corp. v. Video Broadcasting Sys., Inc.*, No.

89–1412–C, 1989 WL 159369, at *1 (D.Kan. Dec. 15, 1989) (citing *United States v. Carolina Eastern Chem. Co., Inc.*, 639 F.Supp. 1420, 1423 (D.S.C.1986)). Such motions are therefore not appropriate if the movant intends only that the court hear new arguments or supporting facts. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991).

## III. DISCUSSION

### A. Eleventh Amendment Immunity

■ The defendant raises four issues in the motion for reconsideration. The first basis is that the case should be dismissed for lack of jurisdiction based upon the case of *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). The defendant claims that *Seminole Tribe*, along with *Ellis v. University of Kansas Medical Center*, 163 F.3d 1186 (1998) and *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997), requires the dismissal of this case based on Eleventh Amendment immunity. The court previously addressed the application of *Seminole Tribe* to this case and found that it did not provide a bar to the plaintiffs' claims. *Sac & Fox Nation of Missouri v. Lafaver* 979 F.Supp. 1350 (1997). To the extent *Ellis* relies upon *Seminole Tribe*, the court finds that it is similarly inapplicable.

The defendant's reliance on *Coeur d'Alene* is similarly misplaced. In *Coeur d'Alene*, the Court held that a federal court cannot grant prospective relief under the *Ex parte Young* doctrine when that relief implicates special sovereignty interests that results in an intrusion functionally equivalent to an award of money damages. *Ellis*, 163 F.3d at 1198. The issues in this case do not "implicate special sovereignty issues" as is required by *Coeur d'Alene*.

The court has previously ruled that this case is not barred by the Eleventh Amendment. The defendant has not produced any new legal or factual contentions which

would cause the court to come to a different conclusion today. The motion for reconsideration is denied as it relates to the issue of Eleventh Amendment immunity.

## B. Standing

■ The defendant next claims that the plaintiffs do not have standing in this case. On page 12 of the motion for reconsideration, the defendant states:

In its December 17, 1998 Memorandum and Order, the court correctly determined that the Motor Fuel Tax Act clearly places the legal incidence of the tax on distributors, not on retailers such as plaintiffs. However, legal incidence and standing are two sides of the same coin and this case should be analyzed form that perspective.

The defendant's theory is that if the legal incidence of the tax does not fall on the tribes, they cannot have standing to bring suit. The court disagrees. The Court in *Oklahoma Tax Comm'n v. Chickasaw Nation*, 515 U.S. 450, 458, 115 S.Ct. 2214, 132 L.Ed.2d 400 (1995), set out a two-prong test for determining whether taxes impacting Indian tribes are proper. The first prong of the test is to determine where the legal incidence of the tax falls. If the legal incidence of the tax is on the tribes, then the tax is invalid. If not, the courts are to move on to the second prong of the test and balance the state's interest in assessing the tax with the federal and tribal interest in barring the tax. The defendant's analysis would make this two-prong test a nullity. Under the defendant's theory, the first prong would always be dispositive of the case. If the court found that the tribes lacked standing every time the legal incidence of the tax fell on the distributor instead of the tribe, the balancing test would never come into play.

The court has previously decided that the plaintiffs do have standing to bring this case. The defendant is simply rehashing the prior arguments brought before this court. The motion for reconsideration is denied as it relates to the standing issue.

## C. The Interpretation of the Organic Act and Act for Admission to the Union

■ The defendant has not produced any new legal or factual issues in regard to its motion to reconsider on this issue. All of the defendant's arguments were previously considered and are no basis to overturn this court's prior ruling. The defendant has asked the court to withdraw its decision on this issue as it is not necessary for the determination of the case. The court declines to do so. In the alternative, the defendant has asked the court to certify the question of whether the reservations should be considered within the state of Kansas to the Kansas Supreme Court for a ruling. The court finds that this is unnecessary and denies that request.

## D. The Balancing of State, Tribal and Federal Interests

■ The defendant's final basis for the defendant's motion to reconsider concerns the court's analysis of the balancing of state, federal and tribal interests. Under the *Chickasaw Nation* two-prong test, the court is to balance these competing interest in determining whether to uphold a tax where the legal incidence of the tax does not fall on the Indian tribes. The court found then, as it does now, that there was sufficient evidence before the court to make a ruling on this balancing issue.

The defendant claims that according to the Report of the Parties' Planning Meeting, filed with the court on February 19, 1997, the parties agreed that if the court determined that the legal incidence of the tax did not fall on the plaintiffs, then discovery would be necessary to bring forth facts for the court to balance tribal and state interests. The defendant did not raise this issue in any of the briefs filed in support of its motion for summary judgment or in response to the plaintiffs' motion. The defendant discusses this issue in its response to the plaintiff's motion for

summary judgment without once indicating that further discovery was needed. To rule that the issue was not ready for ruling would allow the defendant to take two bites at the apple. The defendant argued its case about the balancing of interests and the court ruled against the defendant. The defendant now wants to have another shot at this issue. Because the defendant argued this issue in its response to the plaintiffs' motion for summary judgment without raising the issue of the parties agreeing to conduct further discovery, the court finds that the defendant has waived any right to rely on the parties' agreement and denies the motion for reconsideration on this issue.

## IV. CONCLUSION

The defendant has not produced any additional legal arguments or factual contentions that would cause the court to reverse its earlier decision to grant the plaintiffs' motion for summary judgment and deny the defendant's motion for summary judgment. The court finds that each of the four areas the defendant claims were in error were properly decided and took into account all of the necessary facts.

**IT IS THEREFORE BY THIS COURT ORDERED** that the defendant's Motion for Reconsideration (Doc. 103) is denied.