**Patricia Faith SUMP, Plaintiff,**

v.

**FINGERHUT, INC.; Axsys National Bank; and Allied Interstate, Inc., Defendants.**

**No. 01–4104–DES.**

United States District Court, D. Kansas.

June 18, 2002.

---

Patricia Faith Sump, Wakefield, KS, pro se.

Amy E. Morgan, Shughart, Thomson & Kilroy, Overland Park, KS, Mark A. Olthoff, Shughart, Thomson & Kilroy, P.C., Kansas City, MO, Timothy A. Shultz, Gehrt & Roberts, Chartered, Topeka, KS, for defendants.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on Plaintiff's Motion to Reconsider (Doc. 65) and Plaintiff's Motion Requesting an Investigation and/or Hearing (Doc. 69). Defendants have filed a Joint Response to Plaintiff's Motion to Reconsider (Doc. 67) and plaintiff

has filed a reply (Doc. 68). Plaintiff's motion seeks reconsideration of the court's Memorandum and Order ("M & O") dated May 8, 2002, denying plaintiff's motion to invalidate a settlement agreement and granting defendants' motion to enforce the settlement agreement. *See Sump v. Fingerhut, Inc.,* No. 01–4104–DES, 2002 WL 1162544 (D.Kan. May 8, 2002). For the following reasons, plaintiff's motions are denied.

## I. BACKGROUND

Plaintiff initially brought this action against defendants alleging violations of the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.,* Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.,* and the Fair Credit Billing Act, 15 U.S.C. §§ 1666 *et seq.* On November 19, 2001, the parties appeared before Magistrate Judge Walter for a scheduling conference. According to the transcript of the proceedings, the scheduling conference quickly turned into a settlement conference. The parties came to an agreement and all parties signed a settlement agreement. (Pl. Mem. in Supp. of Pl. Mot. to Invalidate the Settlement Agreement, Ex. A).

On November 30, 2001, plaintiff filed a motion to invalidate the settlement agreement signed at the November 19, 2001, settlement conference. In her motion, plaintiff offered multiple reasons for invalidating the settlement agreement including that Magistrate Judge Walter wore her black robe to intimidate plaintiff, Magistrate Judge Walter forced plaintiff to sign the settlement agreement without first allowing her to read the agreement, Magistrate Judge Walter abused her powers, and Magistrate Judge Walter and the defense attorneys conspired to take away plaintiff's legal rights. On December 10, 2001, defendants filed a joint motion to enforce the settlement agreement. The parties' motions were scheduled for oral arguments on January 29, 2002. Defendants appeared through counsel, but plaintiff failed to appear.

On February 15, 2002, Magistrate Judge Walter issued a Report and Recommendation ("R & R"), recommending that plaintiff's motion to invalidate the settlement agreement be denied and recommending that defendants' motion to enforce the settlement agreement be granted. Plaintiff made numerous objections to Magistrate Judge Walter's R & R. On May 8, 2002, the court issued a M & O accepting and adopting the R & R. In its order, the court found the vast majority of plaintiff's contentions were directly controverted by the record. Those contentions that could not be controverted by the record were found to be conclusory and vague and, thus, did not warrant invalidation of the settlement agreement. On May 15, 2002, plaintiff filed a motion requesting that the court reconsider its May 8, 2002, order. Plaintiff filed a motion requesting an investigation and/or a hearing on June 5, 2002.

## II. DISCUSSION

### A. Motion to Reconsider

#### 1. Standard of Review

■ Although motions to reconsider are common motions before the court, the Federal Rules of Civil Procedure do not explicitly recognize such a motion. This lack of specific authorization and direction have led to general confusion regarding such motions' legal foundation. Generally, federal courts interpret requests for reconsideration as being brought pursuant to either Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure. *See Hawkins v. Evans,* 64 F.3d 543, 546 (10th Cir.1995). The determinative factor in which rule to apply is whether the movant has complied with the ten-day limitation period embodied in Rule 59(e).[1] *See Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir.2000) (noting motions to reconsider filed within ten days of entry of judgment should be considered under Rule 59(e)); *Hannon v. Maschner,* 981 F.2d 1142, 1144 n. 2 (10th Cir.1992) (same); *Security Nat'l Bank v. John Deere Co.,* 927 F.2d 519, 519 n. 2 (10th Cir.1991) (same).

1. The rule states: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed.R.Civ.P. 59(e).

In the present case, plaintiff filed her motion within ten days of the order for which she seeks reconsideration. Rule 59(e), however, is limited to review of final judgments. *See Wagoner v. Wagoner,* 938 F.2d 1120, 1122 n. 1 (10th Cir.1991); *Anderson v. Deere & Co.,* 852 F.2d 1244, 1246 (10th Cir. 1988). *See also* Fed.R.Civ.P. 54(a) (defining "judgment" as "a decree and any order from which an appeal lies").[2] The court's order presently at issue is not a final judgment for the purposes of Rule 59(e). *See generally Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) (opining a final order ends litigation on merits and leaves nothing for the court to do but execute the judgment). Therefore, as an interlocutory order, reconsideration under Rule 59(e) is precluded.

On the other hand, it is well within the court's discretion to revise interlocutory orders prior to the entry of final judgment. The Federal Rules of Civil Procedure provide:

> In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed.R.Civ.P. 54(b). *See also Anderson,* 852 F.2d at 1246 (acknowledging district court's discretionary power to revise interlocutory orders).

Within the present context, the distinction between reconsideration under Rule 59(e) and the court's general power to revise interlocutory orders is somewhat academic, for courts routinely turn to the standards established under Rule 59(e) for instruction in constructing a review standard when considering a possible revision of an interlocutory order. *See, e.g., Renfro v. City of Em-*

*poria, Kansas,* 732 F.Supp. 1116, 1117 (D.Kan.1990). Therefore, in general, "[a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *National Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.,* 115 F.Supp.2d 1250, 1256 (D.Colo.2000) (internal citation and quotation marks omitted). *See also Dees v. Wilson,* 796 F.Supp. 474, 475 (D.Kan.1992) ("A motion to reconsider is appropriate if the court has obviously misapprehended a party's position, the facts, or mistakenly has decided issues not presented for determination."). In addition, "arguments raised for the first time in a motion for reconsideration are not properly before the court and generally need not be addressed." *United States v. Castillo–Garcia,* 117 F.3d 1179, 1197 (10th Cir.1997). *See also Resolution Trust Corp. v. Greif,* 906 F.Supp. 1446, 1456–57 (D.Kan. 1995) (noting a motion to reconsider is not a mechanism to raise arguments that should have been raised in the first instance or to rehash arguments previously considered and rejected by the court).

### 2. Analysis

Although plaintiff suggests that the court made numerous errors in its May 8, 2002, M & O, the vast majority of plaintiff's arguments are merely a recitation of her previous positions. At best, these contentions reshuffle plaintiff's arguments previously considered and rejected by the court. *See Voelkel v. General Motors, Corp.,* 846 F.Supp. 1482, 1483 (D.Kan.1994) (holding that a motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed). As such, the court declines to revisit settled issues.

Plaintiff's remaining arguments are new arguments or arguments offering supporting facts for which plaintiff has had ample opportunity to argue on prior occasions. These issues are again not properly before the

---

**2.** Grounds warranting a motion to reconsider under Rule 59(e) include: (1) an intervening change in the law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice. *Brumark Corp. v. Samson Res. Corp.,* 57 F.3d 941, 948 (10th Cir.1995).

court as they are arguments raised for the first time in plaintiff's motion to reconsider. Thus, the court declines to decide the merits of these arguments.[3] *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991) (holding that motions for reconsideration are not appropriate if the movant asks the court to hear new arguments or supporting facts that could have been presented originally).

In sum, plaintiff has not presented any instances of manifest error or mistake warranting reconsideration of the court's prior ruling. Plaintiff's motion shall therefore be denied.

### B. Motion Requesting an Investigation and/or Hearing

█ Plaintiff claims she has a constitutional right to have a hearing or an investigation into the matters surrounding the November 19, 2001, settlement conference. Plaintiff's request for an investigation and/or hearing focuses on the arguments that were before the court in plaintiff's motion to invalidate the settlement agreement. As stated in the court's May 8, 2002, M & O, plaintiff had the opportunity to appear at a hearing scheduled for January 20, 2002, where Magistrate Judge Walter was to hear oral arguments regarding plaintiff's motion to invalidate the settlement agreement and defendants' motion to enforce the settlement agreement. Plaintiff failed to appear. The court is well aware of plaintiff's arguments and has had numerous occasions to consider her complaints. The record is clear on this matter and the court finds no basis to order an investigation or a hearing.

### III. CONCLUSION

The court finds plaintiff's arguments for her motion to reconsider are arguments either already considered and rejected by the court or not properly before the court because they are raised for the first time in plaintiff's motion to reconsider. Additionally, the court finds no basis for holding a hearing or an investigation.

**IT IS THEREFORE BY THIS COURT ORDERED** that the Plaintiff's Motion to Reconsider (Doc. 65) is denied and Plaintiff's Motion Requesting an Investigation and/or Hearing (Doc. 69) is denied. Magistrate Judge Walter is directed to schedule a hearing whereby the parties are ordered to exchange the stipulation of dismissal and the settlement funds.

---

**3.** In her motion to invalidate the settlement agreement, plaintiff contended that she should not be bound by the settlement agreement because she had not received the settlement checks. In the court's May 8, 2002, M & O, the court found plaintiff's contention was without merit because the parties agreed, on the record, that the checks would be mailed when plaintiff signed and returned the stipulation of dismissal. Plaintiff now claims that she signed the stipulation of dismissal and sent a copy to the defendants, but defendants refused to sign the document and file it with the court. Attached to plaintiff's motion for reconsideration as Exhibit A, is a copy of the stipulation of dismissal containing the signature of Amy Morgan, attorney for the defendants, the signature of plaintiff and the following language written beside plaintiff's signature: "Not signed of my own free will. [F]orced signing."

To the extent plaintiff now argues that the court made a manifest error of fact or that this is newly discovered evidence, her arguments are rejected. Plaintiff had ample opportunity to address this issue, but failed to do so. Thus, plaintiff's arguments in this regard, are not properly before the court. *Castillo–Garcia,* 117 F.3d at 1197. Furthermore, even if plaintiff had signed the stipulation for dismissal and sent it to the defense attorneys as she contends, the language written on the document by plaintiff would have jeopardized the validity of the document.

Plaintiff's only argument that may be remotely addressable in a motion to reconsider is her contention that her rights were somehow violated because her husband, a party to the settlement agreement, was allegedly not served copies of the court's May 8, 2002 order. The court finds plaintiff's arguments in this regard raise no basis for reconsideration.