**In re FARMLAND INDUSTRIES, INC., et al., Debtors.**

**J.R. Simplot Company, Plaintiff / Counterclaim Defendant,**

v.

**Farmland Industries, Inc., Defendant / Counterclaim Plaintiff,**

v.

**SF Phosphates Company, Third–Party Defendant.**

**Bankruptcy No. 02–50557.
Adversary No. 02–04147–JWV.**

United States Bankruptcy Court, W.D. Missouri.

July 30, 2003.

## MEMORANDUM ORDER [1]

JERRY W. VENTERS, Bankruptcy Judge.

On April 23, 2003, the Court entered a Memorandum Opinion and Order in which the Court determined that it should abstain from hearing this Adversary Proceeding in its entirety.[2] Farmland Industries, Inc. ("Farmland" or "Debtor"), supported by the Official Committee of Bondholders ("Bondholders Committee"), requested that the Court reconsider its *sua sponte* Order of abstention and its dismissal of the Amended Counterclaim filed by Farmland. The Third Party Defendant, SF Phosphates Company ("SF Phosphates"), also asked the Court to "partially reconsider" its Order insofar as it affected a Motion to Dismiss filed by SF Phosphates.

After considering the various motions, including the opposition to reconsideration filed by the Plaintiff, J.R. Simplot Company ("Simplot" or "Plaintiff"), and after considering the arguments of counsel presented at a hearing on June 24, 2003, the Court is convinced that its prior ruling was clearly erroneous and should be set aside, and that the Court should proceed to hear the issues raised in this Adversary Proceeding.

The essential facts have been set out in the Court's prior Order and need not be repeated at length here. In April 1993, Simplot and Farmland entered into an Operating Agreement ("Operating Agreement") that established SF Phosphates, a Utah limited liability company owned 50% by Simplot and 50% by Farmland.[3] Pursuant to the Operating Agreement, SF Phosphates is operated under the direction of six Managers—three appointed by Farmland and three appointed by Simplot.

Simplot initiated this Adversary Proceeding by filing a Complaint for Declaratory Judgment against Farmland on July 30, 2002, shortly after Farmland filed its Chapter 11 Petition in this Court.[4] The Complaint seeks a determination that Farmland ceased to be a member of SF Phosphates due to its bankruptcy filing and was reduced to the status of an assignee pursuant to the Utah Limited Liability Company Act, Utah Code Ann. § 48–2c–1102 (2002). Further, Simplot requests that this Court declare that Farmland, as an assignee, has no right to participate in the management and affairs of SF Phosphates, to vote, to become a member, or to exercise any rights of a member or manager of SF Phosphates, and has no right to assume or assign the Operating Agreement.

On October 4, 2002, Farmland filed an Answer and a Counterclaim for declaratory relief seeking judicial dissolution of SF Phosphates pursuant to the Utah statutes. Simplot responded by filing a Motion to Dismiss the Counterclaim pursuant to Rules 12(b)(1), (6), and (7), Fed.R.Civ.P., or in the alternative, to abstain pursuant to 28 U.S.C. § 1334(c)(1). Subsequently, Farmland filed an Amended Answer to the Complaint and an Amended Counterclaim and Third–Party Complaint for declaratory relief on December 20, 2002. Later, on February 13, 2003, Farmland amended its Answer and Counterclaim ("Amended

---

1. This Memorandum Order memorializes the Court's ruling announced orally at the conclusion of the hearing on June 24, 2003.

2. *J.R. Simplot Company v. Farmland Industries, Inc.*, 2003 WL 1950004 (Bankr.W.D.Mo. 2003).

3. SF Phosphates operates a phosphate mine in Vernal, Utah, and a fertilizer manufacturing plant in Rock Springs, Wyoming.

4. Farmland and four related entities filed Chapter 11 bankruptcy on May 31, 2002.

Counterclaim") seeking the dissolution of SF Phosphates and alleging that Simplot had breached the duty of the implied covenant of good faith and fair dealing. In the Amended Counterclaim, Farmland seeks a distribution of cash from SF Phosphates and an auction of the company as set forth in the terms of the Operating Agreement. Simplot filed a Motion to Dismiss the Amended Counterclaim.

■ As previously noted, the Debtor and the Bondholders Committee have asked the Court to reconsider and reverse its Order of April 23, 2003. The purpose of a motion for reconsideration under Fed. R.Civ.P. 59(e), made applicable in bankruptcy proceedings by Rule 9023, Fed. R.Bankr.P., is to correct manifest errors of law or fact or to present newly discovered evidence. "[A] court may properly grant a party's motion for reconsideration where there is the development of an intervening change in the law, the emergence of new evidence not previously available, or the need to correct clear error of law to prevent a manifest injustice." *United States of America v. The Municipal Authority of Union Township,* 181 F.R.D. 290, 293 (M.D.Pa.1996). Although courts should do so only in unusual circumstances, a court has the power to revisit a prior decision if the initial decision was clearly erroneous and would work a manifest injustice. *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 817, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988). *See Starks v. Rent–A–Center,* 58 F.3d 358, 364 (8th Cir.1995); *Sump v. Fingerhut, Inc.,* 208 F.R.D. 324, 327 (D.Kan.2002). In this case, the Court has concluded that its earlier decision was contrary to the law and would result in a manifest injustice to the parties if it is not changed.

■ As argued by Farmland, the case filed by Simplot and the resulting Amended Counterclaim filed by Farmland concern, first and foremost, the effect of a bankruptcy filing on a membership interest in a limited liability company. This is a matter of federal bankruptcy law, not state law. Bankruptcy courts are frequently called upon to determine the validity and applicability of *ipso facto* provisions in contracts and other agreements, and that is what is involved here. Clearly, the Court was incorrect in originally determining that the issues raised by Simplot in its Complaint did not constitute a core proceeding and in ruling that this Court should abstain from hearing the Complaint.

■ Additionally, because of the overlapping and intertwining issues involved in the Complaint and in the Debtor's Amended Counterclaim, the Court is convinced that it erroneously dismissed the Amended Counterclaim, and that the factual issues raised in Simplot's Complaint and in Farmland's Amended Counterclaim should be heard and resolved at the same time, in the same proceeding.[5] While both of those pleadings involve questions of state law (as do many matters in bankruptcy), they are largely matters of federal bankruptcy law, and more particularly matters that affect the assets and administration of the Farmland bankruptcy estate. There is no litigation pending in any other court involving the issues raised in this Adversary Proceeding. Thus, the interests of judicial economy and timely disposition favor hearing the Complaint and the Amended Counterclaim at the same time in this Court.

---

**5.** The Plaintiff filed a Motion to Bifurcate the Complaint and the Amended Counterclaim for trial. It could well be that there are legal issues that could be decided before holding an evidentiary hearing. Therefore, the Motion to Bifurcate will be reinstated and considered on its merits, after the parties have been afforded an opportunity to present their arguments.

*See Samson v. Prokopf (In re Smith)*, 185 B.R. 285, 296 (Bankr.S.D.Ill.1995).

Turning next to the Motion to Partially Reconsider Order filed by SF Phosphates, the Court will, as requested by SF Phosphates, modify its prior Order so that the Court may consider, on its merits, whether to strike SF Phosphates' Motion to Dismiss Farmland's Amended Counterclaim. That Motion will be reinstated for consideration. Finally, in an attempt to place these proceedings back on a proper track, the Court will deny Simplot's Motion to Dismiss the Debtor's Amended Counterclaim and will reinstate Simplot's Motion to Bifurcate Trial, as previously indicated.

Therefore, it is

**ORDERED** that the Court's Order of April 23, 2003 (Document # 112) be and is hereby vacated and set aside, and the Plaintiff's Complaint and the Debtor's Amended Counterclaim are hereby reinstated for further proceedings. It is

**FURTHER ORDERED** that the Plaintiff's Motion to Dismiss Counterclaim (Document # 20) be and is hereby DENIED. It is

**FURTHER ORDERED** that SF Phosphates's Motion to Reconsider (Document # 105) the Court's Order striking SF Phosphates' Motion to Dismiss Farmland's Amended Counterclaim is hereby reinstated to the docket for further proceedings. It is

**FURTHER ORDERED** that the Plaintiff's Motion to Bifurcate Trial (Document # 21) is hereby reinstated to the docket for further proceedings. It is

**FURTHER ORDERED** that counsel for the parties shall confer and develop a Scheduling Order for purposes of completing discovery and preparing this Adversary Proceeding for trial. Counsel for Plaintiff shall take the lead in developing the Scheduling Order and shall confer with all other counsel in a timely fashion so that a Scheduling Order may be presented to the Court on August 18, 2003. It is

**FURTHER ORDERED** that the Court will conduct a status conference in this Adversary Proceeding at 11:00 a.m. on August 18, 2003, in Courtroom 6A, Charles Evans Whittaker United States Courthouse, 400 E. 9th Street, Kansas City, Missouri, at which time the Court will consider the parties' proposed Scheduling Order and the overall status of this matter. If the parties wish to argue any pending or reinstated Motions at that time, they shall give all parties and the Court at least 10 days notice of their intentions to do so. Any further suggestions or briefs in support of or in opposition to any Motions to be argued on August 18, 2003, shall be filed no later than 5 p.m. on August 11, 2003.